## Doyle J. Baird v. The State.

No. 12273. Delivered February 6, 1929.

The opinion states the case.

*W. M. Johnson* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, Judge.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

From the record in this case we learn that officers visited a house occupied by appellant, his wife and her brother, Mr. Beck. A still was in operation and mash and whisky were found. Beck alone

was at the house. Some three hours afterward appellant and his wife came. In a few minutes after his arrival appellant made a statement in writing, part of which was introduced by the State on this trial over objection. Same was as follows:

"I have been making whisky for about four months. I have been living at this address about three months, but I started to making liquor while living at 6632 Avenue L. Magnolia Park, and have continued to make it up until today."

We think the objection properly overruled. The proven part of the statement was an admission pertinent to the transaction and situation found by the officers as existing in said house, and if any part of said admitted statement was not admissible because same related to a separate offense, appellant failed to object specifically to such part, his only objection being to the whole of the quoted part of the statement. Authorities are numerous.

Appellant on this trial denied the truth of the statement in writing made by him at the time of the raid and affirmed that the still, etc., belonged to Beck and were had by the latter on the premises over appellant's objection. By several bills complaint is made of the fact that appellant was repeatedly asked, while on the witness stand, if he did not know that on Beck's trial for this same transaction, "The whole outfit swore," "every witness testified,—that you (appellant) was running this still," and that Beck was just a visitor at the place. Appellant had repeatedly sworn that he was not at Beck's trial and did not know what they swore to. Certainly the asking of such questions, if the State's attorney knew that appellant was not at such trial, which he would seem to have known at least after the question was one time answered, were most harmful and could have had but the effect of putting before the jury what the other parties in the house had testified about this situation when appellant was not present.

Whether in fact appellant made whisky at a place other than that here in question, would seem to relate to an offense separate and distinct from the one on trial, and it would appear improper to ask a witness for appellant if she did not know that he made whisky on Avenue L. where he lived before moving to the place occupied by him at the time of the raid. The hurt of such asking would be accentuated by the fact that upon the witness answering in the negative, the State's attorney said to the witness: "Then if he said in his written statement that he made whisky on Avenue L., he is simply mistaken isn't he?"

 

Complaint is made of the reception of certain statements of appellant's wife in trying to get the officers to accept money and release them from custody. While the officers say that these statements were made in the presence of appellant, they do not affirm that he heard them. He swore that he did not. If the woman was acting with appellant so as to make her a principal in the crime, and her statements were res gestae of the offense, they might be admissible. Cook v. State, 22 Texas Crim. App. 525; Robbins v. State, 166 S. W. Rep. 529. If she was not a principal, proof of her efforts to induce the officers to accept money and let them go free, would be upon questionable grounds. She was not used as a witness and our law forbids the use of a wife as a witness against her husband, and the same rule would apply to her statements, unless res gestae, or reasonably shown to have been heard by him, and to be such as to call for a denial or repudiation at the time they were made. The bills are not clear, but as we are of opinion the case should be reversed for the other matters complained of, attention is called to this.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*