ELBERT EADS v. THE STATE.

No. 7282. Decided January 31, 1923.

Rehearing Denied June 6, 1923.

**1.—Manufacturing Intoxicating Liquor—Indictment—Exceptions.**

An indictment, under the present law, need not negative the exceptions contained in the amendment of the Dean Law. Following Travino v. State, 242 S. W. Rep., 242; nor need it contain allegations that the liquor was manufactured for the purpose of sale. Following Stringer v. State, 241 S. W. Rep., 159, and other cases.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in asking the defendant in cross-examination if he had been formerly indicted and convicted of murder. Following Gass v. State, 56 S. W. Rep., 73.

**3.—Same—Continuance—Immaterial Testimony.**

Where the alleged testimony in the application for continuance was not material in the case, there was no error in overruling same.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

**5.—Same—Continuance—Rehearing—Burden—Want of Diligence.**

The burden is upon the party seeking a continuance to prove himself entitled to it by definite, exact and certain averments, and where the application shows the entire absence of process for the alleged absent witness, and moreover said alleged absent testimony was immaterial, there is no reversible error in overruling the motion for continuance.

Appeal from the District Court of Collingsworth. Tried below before the Honorable J. A. Nabers.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Templeton & Templeton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Collingsworth County of the offense of manufacturing intoxicating liquor, and his punishment fixed at three years in the penitentiary.

Appellant moved to quash the indictment herein because it failed to negative the exceptions contained in the original Dean Law. By the terms of the amendment to said law enacted by the Thirty-seventh Legislature said exceptions were taken out of the section defining and creating the offense and were placed in a separate section to themselves. This court has since held that an indictment under the present law need not negative said exceptions. Travinio v. State, 92 Texas Crim. Rep. 140, 242 S. W. Rep. 242. Another contention in said motion to quash, that the indictment should have alleged that the liquor was manufactured for purposes of sale, has been decided by this court contrary to the view of appellant. Stringer v. State, 92 Texas Crim. Rep. 46, 241 S. W. Rep. 159; Crowley v. State, 92 Texas Crim. Rep. 103, 242 S. W. Rep. 472.

Appellant while testifying in his own behalf was asked by the State if he had been formerly indicted and convicted for murder. The action of the court in overruling his objection to this question presents no error. Such testimony is admitted as affecting the credibility of the witness. Gass v. State, 56 S. W. Rep. 73.

As we view the case, the refusal of a continuance presents no error. By the absent witnesses appellant states that he expected to show that he had been absent from the county, and that on the day of his arrest that he had been absent from his home and had only returned a short time prior to the arrival upon the scene of the officers who arrested him. In the testimony of appellant himself we find his statement that he had returned to his home some week or ten days prior to the day of his arrest, and that he came back from Oklahoma with John Benson, with whose family appellant was jointly occupying his house at the time of his arrest. The officers found liquor in process of manufacture upon appellant's premises in a dugout within a short distance of appellant's home on the day of said arrest, and the fact that he may have been away from his home for some weeks prior to his return thereto, a week or ten days before the arrest, would not seem to us to be material to his defense.

The sufficiency of the testimony to support the conviction is assailed. Appellant owned land in a prairie section of the State. A two room house, a windmill, a lot enclosed with barbed wire and planks, within which lot was a slat crib and a dugout whose roof was almost if not quite on a level with the surface of the ground, were

substantially the improvements on said place as reflected by this record. A party of officers upon some information which does not appear, that something wrong was going on at said place,—went to the premises in an automobile. As they approached the house they were watching the lot. They saw no person. They stopped their car in front of the house, got out and went around the corner of the residence, and started toward the lot. They met John Benson coming from the direction of the dugout and turned him back with them. One of said officers, further testified that after meeting Benson he saw appellant come out of said dugout. Others of said officers testified that they saw appellant in the act of getting over the fence which enclosed the lot in which the dugout was situated. Other testimony indicated his moving away in a stooping position. When arrested he was behind the crib apparently attending a call of nature. Investigation of the dugout disclosed that it contained several barrels of mash, a copper boiler in which mash was boiling and bubbling and from which a pipe led through a barrel of water, from the end of which pipe whisky was dripping into a fruit jar. The pipe and boiler were too hot to be handled. No other persons were found on the premises nor in the vicinity of said still except the wife of Benson, who was in bed having recently been confined with child birth, and a Mrs. Brothers who was doing some washing. Without attempting to further analyze the probative force of the testimony above stated, it is our conclusion that it sufficiently supported the verdict of the jury in finding appellant guilty of the manufacture of such intoxicating liquor.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 6, 1923.

LATTIMORE, Judge.—Appellant again insists that his application for continuance or postponement herein should have been granted. An examination of the transcript reveals the entire absence of any process for the alleged absent witness Fannie Brothers attached to or made part of the application for continuance. Mr. Vernon cites many cases on pp. 307-308 of his Annotated C. C. P., supporting the proposition that it is not sufficient to merely state that process was sued out, but it must be shown what was done with it, and when process has been returned, and the time when it was returned must be shown. The burden is upon the party seeking a continuance to show himself entitled to it by definite, exact and certain averments. We again state that the testimony for the State shows that on the occasion of the raid made by the officers upon appellant's premises he was detected in the act of coming out of the dugout or storm house

in which beyond question intoxicating liquor was then in process of manufacture. It would be immaterial where he had been during the morning of that day, and the testimony set up as expected from Fannie Brothers, to the effect that appellant had gone away from his place that morning and had been away until a short time before the officers came, would seem wholly insufficient to justify, excuse or extenuate the fact that appellant was present and in said dugout where the liquor was then being manufactured at the time the officers came. Appellant may have been away from his place up until ten days before said raid, and he may have been away from his house that morning up until a short time before the officers came. The testimony shows that he came back to this place from some point in Oklahoma bringing with him one Benson and his wife and that these people began occupancy of the small house belonging to appellant at the place where the whisky in question was being manufactured. Whether the still was run by Benson when appellant was not present, would seem of little moment. It was being operated on appellant's premises and in his presence at least when the officers came.

Upon review of the record we do not feel inclined to agree to the proposition that the case was improperly decided originally, and appellant's motion for rehearing, therefore, will be overruled.

*Overruled.*