W. A. Schafer v. The State.

No. 15279. Delivered May 18, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 356.

The opinion states the case.

*G. G. Garrett, Grace Fitzgerald, Baskett & DeLee,* all of Dallas, for appellant.

*William McCraw,* Criminal District Attorney, of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, murder; the punishment, ninety-nine years in the penitentiary.

This is the second appeal in this case; the former appeal is reported in 117 Texas Crim. Rep., 500, 40 S. W. (2d) 147. The evidence is set out in sufficient detail in the former opinion. The evidence is substantially the same as that upon the former trial, with the exception that the appellant did not testify on the former trial but did testify on this trial to the effect that he and the witness Musick together with the deceased got in deceased's car and the witness Musick was driving and deceased was in the middle; that they stopped at a place called Bluff View and Musick got out and went back of the car for about two min-

utes, and he, the appellant, was sitting in the car talking to deceased about whether she was going to sell all of her furniture; that, when Musick came back to the car, appellant went back of the car for a few minutes; that he did not carry a pistol with him that night, but that the deceased carried a pistol when she and he would be out together; that she carried said pistol behind the seat; that the first time he saw the pistol that night was when he came to the car, and deceased had it in her hand and he said, "What have you got in your hand?" and she replied, "That old gun of mine"; that he then reached over and got the gun out of her lap, and he was standing there playing with the gun, just monkeying around with it, and he had the handle in his hand and did not notice anything about the safeties because it was so dark he could hardly see, and he was not paying much attention to the gun; that he did not notice whether the hammer was cocked or not, and while he was moving the gun around in his hand he hit it against the door, and when he did that it jerked the gun, and, upon catching it to balance it, the gun fired; that he did not have any intention of firing the gun and did not have any malice toward the deceased and did not intend to shoot her; that after the gun was fired, Musick said, "I am shot, let's go to the hospital"; that the gun fired one time, and when it went off it stunned him and he dropped it on the running board; that he picked it up and threw it in the back end of the car; that, after Musick said he was shot, he (the appellant) ran around the car and jumped in under the steering wheel; that Musick got in the car on the other side and when they started off the deceased was still sitting up in the car; that they started to Parkland hospital and he was driving pretty rapidly; that he first discovered deceased was shot when they were about 150 yards from where the gun went off and she fell over against him; that Musick had his arm around her, and he, the appellant, said, "Dorothy, are you hurt?" and she did not answer; that if Musick said anything he did not remember; that he took one hand and put it around her shoulder and got her back up and he got some blood on his hand; that he said, "My God, Dorothy is hurt; we have got to get her to the hospital as quick as we can"; that when he got to the Parkland hospital, he was going so fast he could not stop and the car just skidded and turned half way around on the gravel; that the nurse asked him how it happened and he told her that he accidentally shot the girl; that he had a gun in his hand when it went off accidentally.

Bill of exception No. 2 complains of the refusal to permit the appellant to offer in evidence a certified copy of the judgment of the United States District Court for the Northern District of Texas wherein Etta Bentley, a witness for the state, had been convicted on a plea of guilty of a violation of the federal liquor law. Said bill is qualified as follows: That there was no issue between the state and defendant as to the fact that the witness had been convicted and had fully served her time; the

district attorney having agreed to the fact before the jury and the witness having orally testified to the fact. As so qualified, no harm is shown to the appellant, and no error is presented by said bill.

Bill of exception No. 3 shows that after the witness for the appellant, Ben Musick, had testified on cross-examination by the state that he had known the defendant for about two years, that he was a good friend of the defendant and had been closely associated with him, and that he and the defendant had been engaged in a small business together, that the district attorney then asked said witness what that small business was, and on the objection of the appellant the court sustained said objection, and thereupon, after the court sustained said objection, the district attorney immediately again asked said witness in the presence and hearing of the jury what said small business was, and the court sustained said objection, and no answer was permitted to said question, but exception was reserved to said proceedings by appellant.

Bill of exception No. 4 complains of the action of the district attorney, while the appellant was on the witness stand being cross-examined, in asking the appellant if he did not know that the witness Ben Musick had testified on a former trial of this case that he, the defendant, and the said witness, Ben Musick, had been engaged in the beer business. The bill further shows that, on obpection of the appellant, the court sustained appellant's objection and said question was not answered.

It was not proper for the district attorney to persist in asking the questions complained of notwithstanding the ruling of the court, and the courts should have promptly enforced its ruling, but, if the questions were not proper, they were not answered, and both questions of the district attorney were promptly withdrawn from the jury. As presented, the bills show no such injuries to the appellant as would require a reversal.

Bill of exception No. 5 complains of the action of the district attorney in asking the defendant, in the presence and hearing of the jury, if he had not been convicted in 1925 and served a term in the state reformatory. The bill further shows that objection was made to said question, and the court sustained the same; whereupon, the district attorney replied to the ruling of the court in the presence and hearing of the jury; "I expect to show that defendant had been convicted in 1925 and served a sentence in the State Reformatory." Appellant's attorney again objected to said statement, and the court then and there promptly instructed the jury to disregard the same.

Article 1092, C. C. P., provides that the disposition of any delinquent child under this law or any evidence given in such case shall not, in any civil, criminal, or other cause or proceeding whatever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law. The fact sought to be introduced in evidence was not admissible under this

article, and the asking of the question complained of and the statement of the district attorney in reply to the ruling of the court, sustaining said objection, were improper and should not have been asked, and the district attorney should not have stated what he expected to prove. In order to warrant a reversal of a case, the transgression against the statute must be such that it could have affected the fairness of the trial. The trial court promptly sustained the objection to the question asked and also the statement of the district attorney as to what he expected to prove, and also instructed the jury to disregard said remarks. Under the circumstances, we do not believe that it calls for reversal of this case. The jury was in possession of facts which showed that the appellant had been indicted for shooting at deceased before the alleged homicide, that he had been indicted in Fort Worth in a couple of burglary cases which had been dismissed, and that he had been convicted for three misdemeanor thefts and his punishment had been fixed at sixty days in jail. In view of this record, showing as it does the criminal career of the appellant, we are unable to conclude that the alleged reference to appellant having been convicted as being a delinquent child and having served a term in the state reformatory, although improper, was such as might have prejudiced appellant's case in the eyes of the jury to such an extent that a reversal of the judgment is called for. See Wells v. State, 111 Texas Crim. Rep., 21, 10 S. W. (2d) 991; Hallmark v. State, 89 Texas Crim. Rep., 257, 230 S. W., 697.

By bill of exception No. 1, appellant complains of the refusal of the trial court to give in charge to the jury appellant's special requested charge No. 1, which was a peremptory charge to return a verdict of not guilty, because of the insufficiency of the evidence to show an unlawful homicide. The position taken by the appellant, as we understand it, is that the only testimony of the corpus delicti is the statement of the defendant, and it is made in connection with the exculpatory statements that it was an accident, and the burden of proof is on the state to establish the falsity of the exculpatory statement, and, in failing in that, the evidence is not sufficient to warrant a verdict of conviction.. Appellant further contends in his brief that the only testimony introduced by the state to establish the fact that appellant killed the deceased was the admission of the appellant to the state's witness Stella Anderson and the policeman, J. R. Sealy. The only statement made by the appellant when he came to the hospital with the body of the deceased was that he accidentally shot the deceased. As we understand the rule of law, even though the state may put in evidence the declarations of the appellant as to how a killing occurred, it is not bound thereby when it directly or indirectly disproves said statement. Banks v. State, 56 Texas Crim. Rep., 262, 119 S. W., 847; also Huffman v. State, 97 Texas Crm. Rep., 436, 252 S. W., 67. We have carefully examined the testimony for the state to determine

whether there be testimony showing that the exculpatory statement of the appellant as to the shooting being an accident was untrue, and believe that the testimony offered by the state tended to indirectly, if not directly, demonstrate the falsity of the statement by the appellant that it was purely an accident. We believe that the evidence fully raises the issue, and that the court was authorized to submit that issue to the jury. There were no exceptions to the court's charge. The questions as to whether the appellant accidentally shot the deceased while playing with a pistol, under the evidence, as well as the guilt or innocence of the appellant, were questions of fact for the determination of the jury. They alone could determine these issues under appropriate instructions from the court. The jury by their verdict determined these questions against the appellant.

No error appearing that would call for a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A re-examination of the record in the light of the appellant's motion for rehearing leaves the members of this court of the opinion that upon the original hearing the proper disposition of the appeal was made.

The motion is overruled.

*Overruled.*