### ROSS DAVIS v. THE STATE.

No. 21279.  Delivered December 11, 1940.
On Motion to Reinstate Appeal January 22, 1941.

The opinion states the case.

*Aubrey Robison,* of Naples, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the charge of an assault to murder, and given a term of two years in the penitentiary.

The record is incomplete in that we find no judgment therein, and no sentence. It is also noted that notice of appeal does not appear to have been entered in the minutes of the trial court.

We therefore find ourselves without jurisdiction.     See Branch's P. C., p. 338, also p. 302, and cases cited.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

At a former day of this term we dismissed the appeal by reason of a defective record. The record has now been perfected. The appeal will be reinstated and the case considered on its merits.

Appellant challenges the sufficiency of the evidence to show an intent on his part to commit the offense of murder. The testimony adduced by the State, briefly stated, shows that between sunset and dark on the 8th day of March, 1939, appellant secreted himself under a shed to his barn, and when Henry Coleman drove up with a load of fire-wood in a truck and while in the act of unloading the same, appellant fired upon him three times with buckshot at a distance of approximately thirty feet. Fortunately for Coleman, the roof of the shed was very low and appellant, in order to shoot Coleman in his position on the truck, had to elevate his gun to a degree that the shots struck and went through the lower edge of the roof to the shed.

There were two theories presented by the evidence for the assault. The State's theory was that appellant was laboring

under the impression that Coleman had reported to the officers that he (appellant) was operating an illicit still which resulted in his arrest. Appellant's theory was that Coleman was entirely too familiar with his (appellant's) wife; that he was meeting her out at various places and calling on her in appellant's absence and having improper relations with her which led to a separation of appellant and his wife.

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his third application for a continuance based on two grounds: First, that his attorney, Aubrey Robison, had been appointed on March 1, 1940, to the office of County Attorney and was disqualified to further represent him. The case was set for trial during the third week of the month of March, which was three weeks after Robison had been appointed and qualified as County Attorney. Nevertheless, the court granted him a postponement until April 15th in order to give appellant time to obtain other counsel. It is evident from the record that appellant was represented at his trial by able counsel who protected him in all of his legal rights.

The second ground in his application for the continuance is based on the absence of Lucille Hughes who resided in Hale County. It is alleged that an attachment was issued for the witness addressed to the Sheriff of Hale County, but it is not shown what became of the attachment, whether it was forwarded to the sheriff of said county or pigeon-holed. Consequently, the showing made in the application is deficient. In support of what we have said we refer to the following authorities: Texas Jur. Vol. 9, p. 828, Sec. 136; also Marshall v. State, 82 Texas Cr. R. 623, and other cases cited in note 2 of the section mentioned. See also Bonner v. State, 90 S. W. (2d) 251, and cases there cited.

By Bill of Exception No. 2 appellant complains of the testimony given by Ben Garrett, Sheriff of Morris County, to the effect that appellant, on several occasions, inquired of him (the witness) as to who reported him (appellant) to the Federal officers for making illicit whisky, which resulted in his arrest; that appellant accused Coleman (the injured party) of having reported him. The sheriff told him that he did not see why he (appellant) accused Coleman of it. We think that this testimony was admissible to show motive and malice on the part of the appellant when he shot Coleman. Appellant was not under arrest when he made the inquiry of the sheriff and accused Coleman of having reported him. In support of

what we have said here we refer to the following cases: Kunde v. State, 22 Texas Cr. App. 65 (in fact 95); Dubose v. State, 13 Texas Cr. App. 418; Barkman v. State, 41 Texas Cr. R. 105. Moreover, Miss Fay Davis testified without objection to substantially the same fact. Consequently, under the rule announced by this Court in the following cases, no error is shown: Enix v. State, 112 Texas Cr. R. 376; Sparkman v. State, 82 S. W. (2d) 972, and cases there cited.

Bill of Exception No. 3 shows that after all the witnesses for both the State and the defendant, including the defendant's wife, were placed under the rule, she was permitted, over his objection, to violate the rule, come into the court room, sit beside the District Attorney, prompt him in questioning the witnesses and assist in the prosecution. The court further certified that she did not testify in the case but that her appearance and assistance rendered in behalf of the State and against the defendant was designed to influence the jury in rendering a verdict against the defendant. Appellant objected to the procedure on the ground "that it was prejudicial, calculated to influence the jury against him, and was equivalent to her taking the witness-stand and testifying against the defendant." Article 714, C. C. P., reads as follows: "Neither husband nor wife shall, in any case, testify as to communications made by one to the other, while married; nor shall they, after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation existed, except in a case where one or the other is prosecuted for an offense, and a declaration or communication made by the wife to the husband, or by the husband to the wife, goes to extenuate or justify an offense for which either is on trial. The husband and wife may, in all criminal actions, be witnesses for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

In the present case, it was appellant's contention that he intended to kill Coleman because he was too intimate with his (appellant's) wife. Some testimony was offered by him which strongly tended to support his theory and also tended to cast reflection upon her chastity. Consequently, when she was permitted to violate the rule and sit beside the District Attorney, prompt him and suggest to him questions to be propounded to the witnesses who were testifying for appellant, it was calculated to impress the jury with the idea that she disputed the testimony which reflected upon her character as a virtuous woman. The State was thus permitted to do indirectly that which

it was inhibited by the statute from doing directly. She might as well have taken the witness-stand at the instance of the State and denied any illicit relations with the assaulted party which would have justified the jury in concluding that appellant's theory was a fabrication. Whatever her conduct and promptings may have been in the presence of the jury, they could not have been otherwise than harmful to the appellant, and the trial court so certified.

Bill of Exception No. 4 complains of the action of the court in declining to submit appellant's special requested instruction to the jury to acquit him. The substance of the evidence as hereinabove stated was sufficiently strong against appellant to require the court to submit the issue of appellant's guilt to the jury and their verdict finds ample support in the evidence.

For the error herein pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.