GUYON S. TAYLOR V. THE STATE.

No. 21296. Delivered January 15, 1941.

Rehearing Denied February 19, 1941.

The opinion states the case.

*Walter E. Gates,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of a cow. The punishment assessed is confinement in the State penitentiary for a term of two years.

There were two theories presented by the evidence. The State's theory was that appellant stole the cow in question,

while appellant's theory was that Bill Thompson stole the animal and sold her to appellant on the night of the alleged theft. Each theory is supported by evidence. The State's testimony, briefly stated, shows that on the night of November 29, 1939, a cow was stolen from J. V. Sandifer in Milam County and carried to Brownwood and there sold by appellant to Mr. Guy Eads on the following day. A day or two later Mr. Eads carried her to Fort Worth and sold her to a packing company. The officers who were investigating the theft went to Fort Worth and recovered a set of horns which were peculiarly formed and shaped. They were brought back to Milam County where Mr. Sandifer positively identified them as the horns from the cow in question. Appellant was arrested and charged with the offense.

While in custody of the officers appellant made a written confession to the District Attorney of Milam County which appeared upon its face to be in due form. At the trial appellant repudiated the confession and testified that he bought the cow in question from Bill Thompson on the night of November 20th, carried her to Brownwood and sold her to Mr. Eads.

Bill of Exception No. 1 reflects the following occurrence: Before the beginning of the introduction of any evidence in the case, all the witnesses, including Bill Fricke, were placed under the rule and instructed by the court to retire from the court-room and remain outside of the same; that during the trial, Bill Fricke came to the court-room door, which was partly open, where he remained for some time until the sheriff ordered him to leave; that when Fricke was called as a witness the District Attorney objected to his testifying on the ground that he had violated the rule. The court sustained the objection and the appellant excepted. The bill further recites that if the witness had been permitted to do so, he would have testified:

"That Bill Thompson and Fred Gant, who is the Constable (of) Milam County, Texas, met together in his place of business in Lexington, Texas, and Fred Gant told Bill Thompson within his hearing that Guyon S. Taylor had placed him in a tough spot and that the 'monkey' was on his back."

It is obvious that this testimony was clearly hearsay and would not have been admissible unless it was for the purpose of impeaching Gant, but no predicate was laid for impeaching him. Hence the court's ruling in no event reflects reversible error.

Bill of Exception No. 2 reflects the following occurrence:

After the appellant had taken the stand and testified that he purchased the cow in question from Bill Thompson, he was asked on cross-examination by the State if he did not know that he was charged by indictment with stealing a cow from Mr. Smith in San Saba County. Appellant objected thereto on the ground that it was prejudicial. The objection was overruled and appellant excepted. When appellant took the witness-stand and by his own testimony raised an affirmative defense, it was not improper to permit the State, on cross-examination, to inquire of him if he had not been indicted or convicted of a felony, for the purpose of discrediting his testimony, where the former indictment or conviction is not too remote. In the instant case, the inquiry related to a recently returned indictment against appellant. Hence the court's action in overruling appellant's objection was proper. See Branch's Ann. Texas P. C., p. 101, sec. 167; also Chance v. State, 63 Texas Cr. R. 602; Bearden v. State, 44 Texas Cr. R. 583, and cases there cited.

Bill of Exception No. 3 relates to the introduction in evidence of appellant's purported confession. The question of whether the confession was voluntary was a contested issue which the court submitted to the jury under an appropriate instruction that unless they believed from the evidence beyond a reasonable doubt that the statement was freely made without compulsion or persuasion, they should not consider it for any purpose. This course of procedure was proper under the well-recognized and established rule in this State. See 18 Tex. Jur., p. 188, sec. 103; also Bingham v. State, 97 Texas Cr. R. 594, 262 S. W. 747; Blake v. State, 7 S. W. (2d) 579.

In his motion for a new trial appellant claimed that since the trial he had discovered new testimony material to his defense. Attached to the motion and in support of the allegation therein is the affidavit of F. W. Hammer in which he states that he appeared and testified as a witness in behalf of appellant on his trial; that the substance of the alleged newly discovered evidence is that the witness, in giving his testimony, was confused as to whether appellant was referring to the "New Deal Thanksgiving Day" or to the usual and well-established Thanksgiving Day. We do not believe this comes within the rule of newly discovered evidence for the reason that the evidence was available and could have been discovered by the use of ordinary diligence. A mere inquiry as to which one of the dates the witness was referring to would have explained the confusion, if any existed in his mind.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant insists that the court below committed reversible error in declining to submit to the jury a requested instruction relative to the voluntary character of appellant's confession. In his charge the court advised the jury that they would disregard the confession unless they believed from the evidence beyond a reasonable doubt that it was freely made without compulsion or persuasion. No exceptions whatever were addressed to the charge, and in the special charge no reason was assigned why it was deemed more appropriate than the instruction contained in the general charge prepared by the court. Under the circumstances, we would not be warranted in holding that the refusal of the special charge should work a reversal of the judgment. In Bell v. State, 268 S. W. 168, this court, speaking through Judge Hawkins, used language as follows:

"Lewis Smith was an admitted accomplice. In the sixth paragraph of the charge the jury was so instructed, and the law relative to an accomplice witness was embraced therein. No exceptions whatever were addressed to the charge, but the court was requested to give, in lieu of paragraph 6, a special charge on accomplice testimony prepared by appellant's counsel. In the special charge no reason is assigned why it was deemed more appropriate than the one contained in the general instructions prepared by the court. In Boaz v. State, 89 Texas Cr. 515, 231 S. W. 790, we said:

" 'For the court to hold that the requesting of a special instruction, which the trial court could legitimately consider as a substantial repetition of his main charge, can take the place of an objection which should pertinently point out the matter complained of would virtually work a repeal of the statute,— that is, of article 735, Vernon's C. C. P., which requires an objection to the charge to be in writing, and 'distinctly specifying each ground of objection.' In the same case it was intimated that circumstances could arise under which a requested charge

might be sufficient to raise the question of error in the absence of a specific objection to the main charge; this was discussed at length in Parker v. State, (Texas Cr. App. No. 7255) 261 S. W. 782, decided at the last term of this court, but the opinion has not yet been published, the mandate having been withheld to give opportunity for presenting application for writ of error to the Supreme Court of the United States upon what was deemed by the defendant's counsel as a federal question not related in any way to the point now being considered. In that case we held that, where there was an entire omission from the court's charge of instruction on a pertinent issue, that a requested correct special charge upon that issue would be sufficient to raise the error in omitting it without a specific objection in writing calling attention to the omission. In the present case the court did charge on accomplice testimony, and if appellant thought it erroneous or inappropriate he should have pointed out by specific objections in writing the particular matters he complained of and which his special charge was thought to remedy."

We think the original opinion made proper disposition of the other questions brought forward in the motion for rehearing.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.