MEDFORD BENNETT V. THE STATE.

No. 21666. Delivered June 27, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*H. H. Wellborn,* of Henderson, and *S. M. Adams,* of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to commit murder. The punishment assessed is confinement in the State penitentiary for a term of three years.

The State's evidence, briefly stated, shows that the alleged offense grew out of the purchase of two gallons of gasoline at the price of 12 cents per gallon. It appears that on the night of May 30, 1940, appellant and Jack Graves came to Mr. Redding's place of business and filling station in Graves' car; that appellant asked Redding to put two gallons of gasoline in the car, which he did. Graves and appellant then drove away without paying for the gasoline. On the following morning, Nathaniel Graves, Lavernis Wilson and appellant came back; that appellant requested Redding to put one gallon in Graves' car which he did; that appellant handed Graves a one-half dollar with which to pay for it; that Redding took the money and reminded appellant that he had failed to pay for the two gallons purchased on the preceding night, stated that he would take it out of the one-half dollar and did so, handing the balance to appellant, who became dissatisfied and an argument ensued which precipitated a fight which resulted in serious stab wounds being inflicted upon Redding by the appellant. One of the stab wounds in the back penetrated the lungs.

Appellant's testimony and that of his witnesses differs in some respects from that offered by the State. Appellant testified that he did not ask Redding to put two gallons of gasoline

in Graves' car on the night of May 30th; that Graves bought the gasoline, and in this appellant is corroborated by Graves who testified that he handed Redding twenty-five cents in payment for the gasoline and received one penny in change. Appellant further testified that the next morning when he, Nathaniel Graves and Lavernis Wilson came back to Redding's place of business, he asked Redding to put a gallon of gasoline in Graves' car and personally handed Redding fifty cents; that Redding remarked, "I am going to take out for some gas the boy bought last night." Appellant demurred, stating that he did not ask Redding to put any gasoline in Graves' car; that Redding was not treating him right to make him pay for the two gallons of gasoline; that Redding went into his store and returned immediately with a pistol; that he feared that Redding would shoot him or inflict serious bodily injury upon him and to avoid it, he knocked Redding down, then got his knife out and went to work on him.

Lavernis Wilson testified that he was present at the time of the difficulty but did not see Redding come out of the store with a pistol; that after appellant had knocked Redding down and when he was leaving Redding entered his store, hurriedly came back out to the gasoline pump with a .22 rifle and shot at appellant who was running away.

The foregoing is a summary of the salient facts proven upon the trial.

By Bill of Exception No. 1, appellant complains of the action of the trial court in overruling his second application for a continuance based upon the absence of the witness, Nathaniel Graves. It appears that on the 13th day of January, 1941, appellant filed his first application for a continuance in which he alleged that the witness, Nathaniel Graves, was a soldier in the United States Army located at Fort Sill, Oklahoma; that the witness Lavernis Wilson was confined in the state penitentiary at Huntsville, Texas; that on the 10th day of January, 1941, he served notice, together with a copy of the interrogatories, on the District Attorney to take the deposition of said witnesses; that upon the hearing of his first application the trial court granted a postponement of the case until the 30th day of January, at which time appellant filed his second motion for a continuance in which he alleged that the commission to take the deposition of said witnesses was issued by the clerk of the court on the 17th day of January; that he

immediately forwarded the same to Mr. Gensman, a lawyer at Lawton, Oklahoma, with the request that he take the deposition of Nathaniel Graves; that Gensman at the time was unable to locate the witness, and on the 21st of said month notified the attorneys for the appellant of that fact and requested that he be given the address of the witness or the name and number of the company in which he was serving, and also advised him that the fee for said services would be $25.00, but it seems that appellant did not have the required amount of money and several days were consumed in an endeavor to raise the money but without success; that on the 25th day of January, Mr. Adams, one of the appellant's attorneys, wrote Mr. Gensman, giving him the address of the witness but questioning the fee for the desired services; that the attorney for appellant received no reply until the 29th, when Mr. Gensman advised the attorney that he did not receive the letter until the last-mentioned date and inquired what to do; whereupon appellant's attorney advised Mr. Gensman that it was too late but to hold the deposition until further orders. However, he obtained the deposition of Lavernis Wilson which was used on the trial.

The court qualified this bill and in his qualification thereof states that he heard evidence in support of and against the motion; that no proof was offered showing that Mr. Gensman, the person to whom the commission was forwarded by Mr. Adams, was a judge or chancellor of a Supreme Court of law or equity; that no proof was offered showing that Mr. Gensman was a commissioner of deeds and depositions for the State of Texas residing within the State of Oklahoma. This bill, with the qualification thereto, was accepted by the appellant and he is bound thereby.

It occurs to us that appellant has failed to exercise that degree of diligence required by law to entitle him to a second continuance. The deposition should have been forwarded to or placed in the hands of a person mentioned in Articles 3746 and 6602 of the Revised Civil Statutes of Texas, as being authorized to take depositions. The mere sending of a deposition to some lawyer or another person not duly authorized by law to take depositions could hardly be considered as exercising proper diligence. If the appellant or his attorney had obtained a subpoena and given it to some lawyer or to some friend who was not authorized to serve the same and by reason thereof service was not had upon the witness, this would not constitute sufficient diligence to authorize a continuance of

the case. Furthermore, it appears that appellant was not in a position to pay the required fee for taking the deposition and much time and delay seems to have been caused in an effort to obtain the required amount of money. Whether or not he would ever have been able to raise the required amount of money is not disclosed by the record. If he was not in a position to raise the money, then of course, he would hardly have been able to obtain the deposition at that or any subsequent term of court. Hence we do not believe that the trial court, under the circumstances disclosed by the record, committed any error in overruling the motion for a continuance. See Murrell v. State, 184 S. W. 831.

Bill of Exception No. 5 reflects the following procedure: The District Attorney asked the prosecuting witness the following question: "Were you or not exerting all your physical strength in trying to throw him away from you?" To which the witness replied, "Yes, sir." Appellant objected to the question and answer on the ground that it was but a conclusion, a mere surmise or guess on the part of the witness. It is our opinion that the witness knew, and he alone knew, whether he reached the limit of his physical strength in an effort to extricate himself from the clutches of the defendant. The jury would hardly be able to determine the limit of his physical strength from any fact or circumstances which the witness might have stated. Hence we overrule appellant's contention.

Bill of Exception No. 7 is clearly without merit, and a discussion thereof is therefore pretermitted.

Bill of Exception No. 10 complains of the cross-interrogatory propounded to the witness Wilson in the following language:

"It is also true, isn't it Lavernis, that at the time, June 7, 1940, when you talked to Mr. Gordon Strong and Mr. Oneal Morris near your home, that you gave Mr. Morris a full written statement containing the facts that you knew relative to the trouble between Mr. Redding and Medford Bennett?"

Appellant objected to the question on the ground that the answer thereto would be hearsay and prejudicial and would not be binding on the defendant; that it was prejudicial and inflammatory. The court overruled the same and the witness

answered, "Yes." However, the court subsequently withdrew the answer. We do not understand why the court withdrew the same from the jury. The State had a right to show, if it could, .that the witness had made a statement prior thereto out of court which was contrary to what he had testified to at the present trial after having laid a proper predicate as a basis for its introduction touching his credibility as a witness. However, since the court withdrew the question and answer of the witness from the jury no injury is shown.

The matters complained of in Bills of Exception Nos. 11 and 13 fail to present reversible error.

Bill of Exception No. 15 complains because the District Attorney, on cross-examination, asked the defendant if it was not true that he was charged by complaint in Rockwell County with the offense of robbery. Various objections were urged against the admission of this testimony. This was admissible for the purpose of affecting the credibility of appellant as a witness. See Jackson v. State, 103 Tex. Cr. R. 258; Allen v. State, 82 Tex. Cr. R. 416; Miller v. State, 79 Tex. Cr. R. 9; Branch's Ann. Tex. P. C., p. 83, sec. 147, and cases cited.

Finding no reversible error reflected by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a motion herein, reiterating all the matters heretofore disposed of in the original opinion, and also complaining because of the fact that a discussion of bill of exceptions No. 7 was pretermitted in the original opinion, his insistence being that he was entitled to have all of his bills at least discussed by this court. We will endeavor to discuss such bill.

The injured party, Mr. Redding, testified that he had had some dealings with appellant relative to the sale of some gasoline on May 30, 1940, in the evening; that appellant left his

car at Redding's place of business during that night at a later hour; that Redding got up the next morning and, before he had his breakfast, was opening his store and filling station, and appellant and some others came up and ordered one gallon of gasoline to be placed in another's car, and that was when the trouble was had between Mr. Redding and appellant. The basis of the complaint shown in bill No. 7 is directed to the testimony of the witness Mrs. Ernestine Redding who testified,—in answer to the question: "Do you recall what time of the morning it was, and what you were doing when your husband went out of the house?"—"I was cooking breakfast, it was about 6 or 6:30." We did not think in the original opinion, nor do we now think that such question and its answer evidenced any possible injury that could be suffered by appellant, whether the same was correct or incorrect. All the witnesses who testified as to the time this difficulty happened say it was early in the morning, and the statement of Mrs. Redding that she was cooking breakfast when her husband left the house could have no serious bearing upon this case under any construction that one cared to give to this remark.

We do not think any error is evidenced by the matter shown in bill No. 7; and we think the original opinion properly disposed of all matters treated therein.

The motion is overruled.