BILL STOKES, JR., V. THE STATE.

No. 22363.  Delivered January 20, 1943.
Rehearing Denied February 17, 1943.

The opinion states the case.

*Horace H. Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to rape. The punishment assessed is confinement in the State penitentiary for a term of ten years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. We do not deem it necessary to here set out the revolting facts proven by the State to demonstrate the sufficiency of the evidence to sustain the conviction, as it would add nothing to the jurisprudence of the State. We overrule his contention.

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his application for a continuance based upon the absence of one, George Miller, who is alleged to have been present at the time of the alleged assault by appellant upon the alleged injured female. It is averred in said application that appellant expected to prove by said witness, if present, that he (defendant) did not at any time make an assault upon the alleged injured female or attempt to have sexual intercourse with her. This bill is deficient in that it fails to show that appellant exercised due diligence to secure the attendance of the desired witness. It appears from the record that the indictment was returned against the appellant on the 4th day of May, 1942; that process for the witness, George Miller, was applied for on the 13th day of said month; and it was further alleged that the witness resided in Lamar County, Texas; but the record fails to disclose what was done with the process. This is a necessary averment under our procedure. In 9 Tex. Jur., p. 838, sec. 136, it is stated among other things, that if the witness resides out of the county of the forum, it must be shown that the process has been forwarded, and there must be a statement as to the person to whom it was dispatched, and the time and manner of its transmission. It is incumbent upon a party presenting an application for a continuance to set forth, by certain and definite averments, facts which show diligence, if any; and mere general averments that he exercised due diligence are insufficient. See 9 Tex. Jur., p. 833, sec. 130.

In the case of Winfrey v. State, 124 Tex. Cr. R. 670, this court, speaking through Judge Hawkins, said:

"It has been the unvarying rule that, where a continuance is sought for an absent witness, the application for continuance must show, not only that the process for the witness was requested, but that it was issued and what was done with it; if the witness reside in the county of the trial it must be shown that process for him was placed in the hands of the proper officer of that county for service, and if the witness reside in some other county that process which issued was forwarded to the proper officer there."

See also Davis v. State, 140 Tex. Cr. R. 597; Bonner v. State, 90 S. W. (2d) 250, and cases there cited.

Bill of Exception No. 2 is clearly without merit and is overruled without an extended discussion thereof.

Bill of Exception No. 3 relates to the admission in evidence of the appellant's voluntary confession. It appears from the bill that when the confession was introduced in evidence the defendant, by and through his attorney, objected to its introduction on the ground that the defendant signed the same under the impression that if he did so the Police Department of the City of Austin would assist him in getting a suspended sentence; that the confession consisted of two full, single typewritten pages; that it was read to him hurriedly and that he did not understand what he was signing and signed it only because of promises made by the City Detective who wrote said confession to the effect that if appellant did sign it, it would be a whole lot easier on him. If the State had admitted the matter set forth in the appellant's bill of exception, then there might be some merit in his contention, but the State controverted the same and proved by at least two witnesses that appellant made the confession voluntarily after he was duly warned that he did not have to make any statement, but that any statement he made would be used in evidence against him concerning the offense charged. The State further proved that after the confession was written out, it was read over to the defendant and that he read it himself and then signed it in the presence of witnesses; that no promise of any character was made by them. Thus it will be noted that an issue of fact was raised relative to the confession which the court, by appropriate charge submitted to the jury for their determination. Consequently there is no merit in the bill.

By Bill of Exception No. 4 appellant complains of the action of the trial court in permitting the State to prove by Beverly T. Laws, a City Detective, that about four days after the commission of the alleged offense, he saw the alleged injured female and noticed bruises and other injuries upon her person. The objection went more to the weight thereof than to its admissibility. The alleged injured female had already testified that appellant beat and bruised her and threatened to cut her head off; that as a result of the beating she had a blue eye; that she had other marks of violence upon her person. Furthermore, the lady with whom the injured female lived and boarded testified to the same facts. Although the testimony of the detective may

be slightly remote, still it was admissible to show her condition four days after the commission of the offense.

By Bill of Exception No. 5 appellant complains of the action of the trial court in permitting the District Attorney, on cross-examination of the defendant, to question him relative to other indictments then pending against him, one of which was for robbery by assault upon Irene Landers, and the other for an assault to rape on Janice Richardson. Appellant objected to the introduction of this testimony without stating any grounds of objection. This would be insufficient to point out any error unless the testimony was obviously inadmissible for any purpose. The State would have a right in its cross-examination of the accused, for the purpose of affecting his credibility as a witness, to inquire of him whether or not he had been convicted of or indicted for other offenses. See Taylor v. State, 147 S. W. (2d) 800; Bennett v. State, 154 S. W. (2d) 469. Moreover, all the bills complaining of the introduction of testimony merely show that appellant objected thereto without stating any ground for such objection.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing presents nothing calling for our consideration. In view of the charge and of the penalty assessed, we have reconsidered the record before us and feel that sufficient discussion of the questions raised was had in the original opinion. The contention that the evidence is insufficient to sustain the conviction is wholly without merit. To the contrary, the penalty assessed was a kind gesture on the part of the jury if they believed, as they did, the story told by the prosecuting witness.

The motion for rehearing is overruled.