**McINTOSH v. STATE.**

**No. 23111.**

Court of Criminal Appeals of Texas.

May 2, 1945.

Rehearing Denied June 20, 1945.

See also, Tex.Cr.App., 183 S.W.2d 978.

Hal Welch, of Hugo, Okl., and E. L. Myers, of Paris, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is robbery by the use of firearms. The punishment assessed is confinement in the state penitentiary for a term of fifteen years.

There were two theories presented by the evidence. That of the State, which is amply supported by the evidence, was that on the night of April 25, 1944, appellant broke into the home of Dr. W. G. Stroup, and by the use of a pistol, robbed him of $430 in currency, two or three dollars in silver, a diamond stick pin and two diamond rings of the aggregate value of $750, also two watches and a gun. He was arrested shortly after the commission of the offense and the loot was found on his person.

Appellant's theory, supported by his own testimony, was that he was a morphine addict; that he had theretofore purchased morphine from the doctor; that a few days prior to the night in question he had given the doctor $750 for which the doctor had agreed to furnish him (appellant) six bottles of the drug; that the doctor failed to comply with the agreement, whereupon

he went to his home, knocked on the door, and the doctor invited him in; that he then demanded the return of his money, and when the doctor declined to produce it he drew a pistol on him, at which time the doctor told him to get the keys out of his pocket, unlock a certain drawer and he would find his money; that he did as he was told to do but found only $430, whereupon the doctor gave him the stick pin, rings and watches to hold as security until he could repay the balance due him.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the District Attorney to inquire of him on cross-examination about some pills which he had on his person at the time of his arrest and if he had taken any of them immediately before the commission of the alleged offense. To which he objected on the ground that it was improper and prejudicial. The court overruled the objection and appellant answered that he did not remember taking any since he left Hugo, Oklahoma, but that he intended taking some after the ride to settle his nerves. We see nothing in the evidence complained of which could have prejudiced him or his case any more than the testimony he gave on direct examination. He told the jury that he was a narcotic addict; that he had given the injured party $750 with which to purchase morphine tablets for him. It is apparent to us from the recitals in the bill that when the District Attorney, on cross-examination, referred to the pills, he had reference to morphine tablets. Just why the District Attorney made the inquiry or what his object was in doing so we do not understand, but whatever object he had in mind, it was harmless in view of the testimony given by appellant on his direct examination.

Bill of Exception No. 2 shows that the District Attorney, on cross-examination of appellant, inquired of him if he had not been indicted in the Federal Court in the State of Oklahoma in the year 1943 for a violation of the Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, §§ 2550 et seq., 3220 et seq., to which he replied in the affirmative.

Bills Nos. 5 and 6 show that on cross-examination the District Attorney inquired of appellant if he had not been charged in the State of Oklahoma in the year 1935 with selling narcotics and given five years in the federal penitentiary, to which he replied that he was arrested and indicted in just one case in 1935. He then stated, on his own volition, that he was convicted in the State of Oklahoma in the year 1924 for robbery and given five years. We see no error reflected by the bills. It seems to be the settled rule in this state that when an accused takes the witness stand and testifies in his own behalf, he may, on cross-examination, be asked, for the purpose of affecting his credibility as a witness, if he had not theretofore been indicted or convicted of a felony, provided they are not too remote. See Daugherty v. State, 146 Tex.Cr.R. 488, 176 S.W.2d 571; Wood v. State, 142 Tex.Cr.R. 282, 152 S.W.2d 335; Taylor v. State, 141 Tex.Cr.R. 212, 147 S. W.2d 800; Stokes v. State, 145 Tex.Cr.R. 401, 168 S.W.2d 244, and authorities there cited.

Bills of Exception Nos. 3 and 4 show that the District Attorney, on cross-examination of appellant, inquired of him if he had not been indicted in the State of Oklahoma in the year 1943 for the offense of larceny, to which he objected on the ground that the testimony sought to be elicited would be irrelevant, immaterial and prejudicial. The objection was overruled and he replied that he was released on the preliminary hearing. If he was merely charged by a complaint with larceny and released on the preliminary hearing thereof and no indictment was subsequently returned against him charging him with said offense, then the inquiry should not have been made, but being made the court should have sustained the objection. However, it is our opinion that the error is harmless in view of the fact that the answer tended to exonerate him of said charge, and the further fact that he admitted that he was convicted in the year 1935 for a violation of the Harrison Narcotic Act and awarded a penalty of five years in the penitentiary, and for the further reason that he volunteered the information that in the year 1924 he was convicted of the offense of robbery and awarded a like penalty. We are unable to understand how the inquiry relative to the charge of larceny could have prejudiced him with the jury any more than his admission of two prior convictions for felony offenses. The testimony relative to his previous convictions was admissible on the issue of his credibility as a witness, and the trial court, in his charge to the jury, properly limited it to such purpose.

A similar question as the one here presented was before this court in the case

of Bedford v. State, 75 Tex.Cr.R. 309, 170 S.W. 727, 729, and in disposing of the same the court said:

"As this judgment had been set aside and a new trial granted, the testimony of the conviction was not proper evidence, and an objection if urged specifically to this part of the testimony, should have been sustained. However, as the court permitted appellant to testify, and he did testify, that the judgment of conviction had been set aside, the indictment quashed, and the case dismissed, and as the testimony as to appellant being indicted with other offenses was properly limited in the charge of the court, the matter does not present reversible error."

See also Schaefer v. State, 121 Tex.Cr.R. 452, 51 S.W.2d 356; Ables v. State, 101 Tex.Cr.R. 479, 276 S.W. 268; Daugherty v. State, 146 Tex.Cr.R. 488, 176 S.W.2d 571.

█ Bill No. 7 is qualified by the trial court, who states in his qualification that no objection was made to the argument complained of until after the case had been submitted to the jury and the jurors were retiring from the court room to consider their verdict. The bill, as thus qualified, fails to reflect any error. It is well settled in this state that to avail an accused of improper argument he must interpose an objection thereto at the time it is made. See O'Brien v. State, 140 Tex.Cr.R. 489, 145 S.W.2d 881, and cases there cited.

Not being able to agree with the appellant that the record discloses reversible error, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Motion for Rehearing.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing is predicated on what is regarded as an improper disposition of bills of exception numbers three and four. We refer to our original opinion without here re-stating the proposition presented. The question asked by the District Attorney was perfectly proper, and there is no showing in the bills that it was not asked in good faith, without knowledge that appellant had been released on preliminary hearing—if he was—and that no

indictment had been returned against him for the offense inquired about. We have again examined the record and remain of opinion that under the facts here presented if error occurred in regard to the matter complained of it was not such an error as calls for a reversal.

The motion for rehearing is overruled.