**Joe Manuel FALCON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–83–630CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 1984.

Wendell A. Odom, Jr., Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

We withdraw our original opinion in this cause and substitute the following opinion.

Appellant was convicted of murder and was assessed punishment of twenty years confinement. He argues his conviction should be reversed because during final argument his wife nodded her head in agreement with the District Attorney and shook her head in disagreement with the defense attorney, and that such action constituted testimony and thus violated TEX. CODE CRIM.PROC.ANN. art. 38.11 (Vernon 1979). This article prohibits, except in some circumstances, a husband or wife testifying against each other in a criminal prosecution. We agree that her actions were the functional equivalent of verbal testimony and that his privilege under art. 38.11 was violated.

In ground of error two Appellant argues that the above-described actions of the wife were tantamount to testimony and that such testimony was prohibited by art. 38.-

11. We find no functional difference between this case and the situation in *Davis v. State*, 140 Tex.Crim. 597, 146 S.W.2d 994 (1941). In *Davis*, the defendant's wife sat at the district attorney's table and suggested questions for him to ask witnesses. The court held that the State thus accomplished indirectly what it could not accomplish directly and stated that "[s]he might as well have taken the witness stand ...." *Id.* at 997. The court presumed that her conduct harmed the defendant because it was calculated to convey to the jury the idea that she disagreed with the defendant's theories. *Id.* at 996–97.

In *Davis v. State*, 160 Tex.Crim. 138, 268 S.W.2d 152 (1954), the wife of the accused was present in the courtroom and stated "I did" in agreement with argument by the prosecutor. By her active participation in the presentation of the State's case, the accused was denied a fair trial. In this *Davis* case, like the case at bar, the State had the spouse present in the courtroom, identified her before the jury, presented testimony to show that she possessed unique knowledge of the crime, and then argued that the accused failed to call her as a witness. In both *Davis* cases the trial judge failed to control the trial and allowed the State great latitude in the abuse of art. 38.11.

The trial judge in the instant case stated that he did not see the actions of Appellant's spouse, and the attorneys for the State and the defense were positioned with their backs to her. However, on the hearing of a Motion for New Trial, Appellant presented two jurors who testified that they knew who Appellant's wife was, that she sat on the front row of the audience and nodded affirmatively to statements made by the State and shook her head negatively to statements made by the defense. They also testified that she was very obvious in her actions and she "impressed [the juror] against Joe Falcon [Appellant]." During deliberations, other jurors said "Did you see that? Even his wife thinks he's guilty." One juror stated she was distracted from the arguments by the actions of the spouse. The court, however, refused to allow the juror to testify if the spouse's actions were taken as an attempt to testify or communicate with the jury. The juror did testify that she did not see how she could not have considered the wife's actions in determining the guilt or punishment of Appellant. In argument, Appellant cited both of the *Davis* cases to the court; however, the Motion for New Trial was overruled.

We hold that Appellant's spouse "testified" in violation of art. 38.11. Further, she participated in the presentation of the State's case, distracted the jury, caused them to consider testimony outside the record and prevented Appellant from obtaining a fair trial. We cannot say that the wife's "testimony" in this case was harmless beyond a reasonable doubt. We therefore sustain ground of error two.

We do not reach the other grounds of error because we reverse on the basis of ground of error two.

The conviction is reversed and the cause remanded.