# NO. 12-18-00219-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY WOODS,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Terry Woods appeals from his convictions for murder and unlawful possession of a firearm by a felon. In one issue, Appellant complains that the trial court violated his right to due process by denying a requested continuance based on the unavailability of his expert witness. We affirm.

### BACKGROUND

On October 8, 2015, Michael Hatton was shot and killed by Appellant outside of a house occupied by Appellant's wife and some of her family members. On March 21, 2017, the State charged Appellant in a two count indictment with murder and unlawful possession of a firearm by a felon.

At a pretrial hearing on April 3, 2018, the trial court set the case for trial on July 9, 2018. At pretrial hearings conducted on May 7 and June 4, neither party raised any pretrial issues. However, on July 2, Appellant filed a motion for continuance and the trial court held a hearing on Appellant's motion the same day. The defense indicated the continuance was necessary, because a material defense expert witness, Amanda Culbertson, would be unavailable to testify until July 18 because of "scheduling problems" and a "personal commitment." At the conclusion of the hearing, the trial court took the motion under advisement stating that a week and a half was

reserved for trial. The trial court also offered to hold the trial on Saturday to accommodate the Appellant's expert witness.

On July 6, the trial court held a hearing on Appellant's second motion for continuance. Appellant argued that Culbertson would only be available to testify on July 18 and, without her testimony, his right to due process would be violated. The court denied Appellant's second motion for continuance.

On July 10, Appellant filed a third motion for continuance based upon the unavailability of a lay witness. However, during argument, Appellant reiterated his request for a continuance based upon Culbertson's unavailability until July 18. The trial court denied Appellant's third motion for continuance.

The State rested on July 17. Appellant called five witnesses who testified on July 17. Appellant's trial counsel requested an ex parte hearing, during which he asked Appellant if he was comfortable at that point in the trial not calling any more witnesses. Appellant responded that he was satisfied to rest without calling any further witnesses, and the defense rested.

Closing arguments occurred on July 18, the day Appellant maintained Culbertson would be available to testify. However, Appellant never called Culberson to testify during the guilt innocence stage of the trial. Nor was she called during the punishment phase of trial that began on July 30.

The jury found Appellant guilty of both charged offenses and assessed his punishment at confinement for life and a $10,000 fine for murder and ten years in prison and a $10,000 fine for unlawful possession of a firearm by a felon. This proceeding followed.

## DUE PROCESS

In his sole issue, Appellant contends the trial court violated his due process rights by denying his request for a continuance based upon the unavailability of his expert witness.

## Standard of Review

The determination of whether to grant a continuance for lack of a witness lies within the sound discretion of the trial court. *See* **Gonzales v. State**, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010). To establish reversible error based on the denial of a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Id*. at 843. Sufficient cause for the continuance must be set forth

in the motion. TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006). Specific facts should be shown supporting the motion. *See Stokes v. State*, 145 Tex. Crim. 401, 168 S.W.2d 244, 245 (1943). Mere conclusions or general averments are insufficient. *See id*.; *see also Eads v. State*, 94 Tex. Crim. 514, 252 S.W. 531, 532-33 (1923).

## Applicable Law

The United States and Texas Constitutions provide that no person may be deprived of life, liberty or property without due process of law. U.S. CONST. amend. V, U.S. CONST. amend. XIV § 1, TEX. CONST. art. 1 § 19. Due process requires that a defendant have access to the "raw material integral to the building of an effective defense." *Rey v. State*, 897 S.W.2d 333, 337 (Tex. Crim. App. 1995) (citing *Ake v. Oklahoma*, 470 U.S. 68, 77, 105 S. Ct. 1087, 1093, 84 L. Ed. 2d 53 (1985)). *Ake* required that the defendant be provided a psychiatric expert because the defendant demonstrated that his mental condition would be a "significant factor at trial." *Ake*, 470 U.S. at 83, 105 S. Ct. at 1096. *Rey* held that *Ake* is not limited to psychiatric experts but applies whenever an indigent defendant establishes a "substantial need for an expert, without which the fundamental fairness of his trial will be called into question." *Rey*, 897 S.W.2d at 338. The importance and complexity of the scientific issue in the case bears directly upon whether the appointment of an expert will be helpful. *Id*. The expert appointed must be one who will be available to testify in support of a defense if his opinion supports that defense. *See DeFreece v. State*, 848, S.W.2d 150, 159 (Tex. Crim. App. 1993). But a defendant is entitled to more than an expert to testify on his behalf. The expert must be one who can provide technical assistance in evaluating the strength of possible defenses, in identifying weaknesses in the State's case, and in preparing defense counsel to cross examine opposing experts. *Id*.

The denial of an expert is subject to the harmless error analysis appropriate for constitutional errors. *Lighteard v. State*, 982 S.W.2d 532, 535 (Tex. App.—San Antonio 1998, pet. ref'd). When an appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the appellate court must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a).

**Discussion**

Prior to trial, Appellant sought and obtained the appointment of three experts to assist in his defense: Amanda Culbertson in the field of toxicology, Daniel O'Kelly for ballistics, and Chris Lackey, an expert in law enforcement and graphic design.

On July 2, 2018, Appellant moved for a continuance of the July 9 trial date because a "prior commitment to another trial during the week of July 9, 2018, and a personal commitment would allow her to be available to testify for the defense only on July 18, the last day blocked out for testimony in the subject case." Appellant asserted that without Culbertson's expert testimony "defendant's right to a fair trial will be compromised." Appellant's motion was denied. The trial court also denied Appellant's motions for continuance filed on July 6 and July 10.

On July 17, after calling five witnesses, Appellant told the court in an ex parte hearing that he did not wish to call any more witnesses. Appellant's counsel repeatedly told the court that Culbertson would be available to testify on July 18. There is nothing in the record to show that Culbertson was unavailable on July 18. But Appellant elected to rest on July 17. He did not ask the court for a recess so that he might call Culbertson the next day. Appellant did not call Culbertson or any of his other experts as a witness.

Appellant had the opportunity to call Culbertson as a witness. He chose not to call her. Under these circumstances, we conclude that the trial court did not deny Appellant due process or abuse its discretion in denying Appellant's motions for continuance. *See Gonzales*, 304 S.W.3d at 842; *see also* TEX. R. APP. P. 44.2(a). Appellant's issue is overruled.

**DISPOSITION**

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00219-CR**

**TERRY WOODS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 20373)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*