## SAM STILES v. THE STATE.

### No. 2294. Decided June 11, 1902.

**1.—Murder—Evidence—Statements of Wife.**

On a trial for murder, where the sheriff was permitted to testify, that just before defendant's arrest he asked defendant if his, defendant's, wife, was a truthful woman, to which defendant replied yes, whereupon the witness, the sheriff, told him his, defendant's, wife had stated that he, defendant, had cleaned his gun that morning, to which defendant replied he had not had the gun in his hands for about three months, whereupon the witness arrested him. Held, the evidence was inadmissible, it coming withing the inhibitions of articles 774, 775, Code of Criminal Procedure, which exclude communications between husband and wife, and which prohibits their testifying against each other.

**2.—Same.**

Where the sheriff uses what purports to be the declaration of the wife in order to obtain from defendant an incriminating statement, such declarations of the sheriff and answer of defendant are inadmissible in evidence against defendant.

**3.—Same.**

While the State could prove the fact that when asked by the sheriff defendant himself denied cleaning his gun that morning, yet it was not admissible to prove that defendant's wife had told him defendant had cleaned the gun that morning.

Appeal from the District Court of De Witt. Tried below before Hon. Jas. C. Wilson.

Appeal from a conviction of murder in the first degree; penalty, death.

Appellant was charged by the indictment with the murder of Henderson Edwards, on the 9th day of July, 1901, by shooting him with a gun.

The parties to the homicide were negroes. Appellant was a preacher. According to the testimony of Henrietta Edwards, the wife of deceased, she and appellant, Sam Stiles, had been criminally intimate, and she testified that Sam Stiles did the killing. Sheriff Tully and Sam Pridgen went to defendant's house on the next day after the killing and examined his gun. They testified that the gun had been recently cleaned, and Sam Pridgen testified that he ran his finger into the muzzle and was satisfied it had been recently discharged.

The questions discussed are fully stated in the opinion in connection with the facts upon which they were based.

*O. S. York, Guy Mitchell*, and *J. M. Moore*, for appellant.—The court erred in permitting, over objection of defendant, the witness Tully to testify to declarations of the wife against defendant with reference to the cleaning of the gun, introduced in evidence as the one with which the homicide was committed, such testimony being not only in effect, but in truth and in fact, proof of declarations made by defendant's wife against him. And the statement of the court to the jury, as shown in his qualification or explanation of the bill, that the evidence was admitted "as a part of the conversation between the witness Tully and the defendant before his arrest, and was not admitted as a declaration of the wife of defendant against him," did not change the nature, the character or effect, or limit the effect or character of the testimony, or render it admissible for any purpose (defendant not having testified in his case) under articles 774, 775, Code of Criminal Procedure, p. 107, Revised Statutes, 1895.

Declarations of the wife against her husband, except in certain statutory exceptions, are inadmissible against him for any purpose. Wholly inadmissible evidence can not be introduced and its effect limited by the court so as to render it admissible. The declarations and statements of the wife, being inadmissible against her husband, can not be introduced as a part of a conversation between him and a witness, and the purpose of such testimony so limited by the court as to change its nature, character or effect and render same admissible for any purpose whatsoever.

The State introduced in evidence, over objections of defendant, the following conversation between defendant and the witness Tully: "When you returned to your buggy, where you left defendant before going into his house, what did you say to him, defendant? Answer: I asked him if his wife was a truthful woman, and defendant replied that she was. What did you then say to him? Answer: I told him that his wife had just stated to me that he had cleaned the gun that morning about 6 o'clock." Defendant objected to said testimony, because if true (and Tully testified it was), then in fact and in effect said evidence was proof of a declaration of defendant's wife against him, and in no way competent whatever the purpose or reason for its admission, and whether introduced as a conversation between witness and defendant or

not.  Code Crim. Proc., arts. 774, 775; Greenl. on Ev., sec. 341, p. 551,
Lewis' ed., and authorities there stated; Compton v. State, 13 Texas
Crim. App., 271.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted for murder, was convicted
of murder in the first degree, and his punishment assessed at death.

After a careful review of all the matters raised by appellant in this
record, the only question we deem necessary to consider at length is the
admissibility of certain evidence, as set out in bill of exceptions number
1, which is as follows: "The State, over objections of defendant, pro-
pounded to the witness Ed Tully the following questions and elicited the
following answers: 'When you returned to your buggy, where you left
defendant, before going into his house, what did you say to him (de-
fendant) ?' Answer: 'I asked him if his wife was a truthful woman,
and defendant replied that she was.' 'What did you then say to him?'
Answer: 'I told him that his wife had just stated to me that he had
cleaned the gun [introduced as the one with which the murder was
committed] that morning about 6 o'clock,' to which defendant replied,
that he had not had the gun in his hands for about three months. I
then arrested him.' To which counsel for defendant objected, for the
following reasons, viz: Because the question as to whether or not the
gun had been recently cleaned was material, and the State, by the in-
troduction of said evidence (if what the witness told the defendant his
wife had said was true) was in fact and in effect proof of declarations
of the wife against her husband, and in no way competent evidence of
the wife against her husband, and was prejudicial to defendant; it
having been shown that defendant's wife had stated to the witness that
defendant had cleaned the gun about 6 o'clock the morning of his arrest,
said evidence having been heard and considered by the jury; and the
court overruled said objections. The defendant excepted to said rulings,
and herewith tenders his bill of exceptions." Which is approved with the
following explanation: "The witness Tully was testifying to a con-
versation with the defendant at his house just before his arrest, and, as
a part of such conversation, witness testified that he asked the defendant
if his wife was a truthful woman; to which defendant replied that she
was; and witness then told him his wife had said the gun had been
cleaned or washed by defendant that morning about 6 o'clock, which
evidence was admitted in evidence as a part of the conversation between
the witness and defendant, before his arrest, which led up to his arrest,
and was not admitted as a declaration of the wife of defendant and
against him, and I so declared at the time." It will be seen from an
inspection of the bill of exceptions, that among other reasons appellant
urges for the inadmissibility of the testimony is, "it having been shown
that defendant's wife had stated to the witness that defendant had
cleaned the gun about 6 o'clock the morning of his arrest." We do not

understand this to be the statement of a fact, certified to by the judge; but merely a reason urged by appellant why the testimony should be rejected. In the testimony as contained in the bill, there is no statement by the witness Tully that the wife of defendant had told him that defendant had cleaned the gun that morning about 6 o'clock; but the witness merely testified that he told defendant that his wife told him that he had cleaned the gun about 6 o'clock. Then, we have for consideration the bare question whether a false statement by a witness to the effect that the defendant's wife had told him a certain thing, and the defendant's answer thereto, comes within the inhibition of the statute which prohibits the wife testifying against her husband. The first clause of article 774, Code of Criminal Procedure, provides: "Neither the husband nor wife shall in any case testify as to communications made by one to the other while married," etc. Article 775, Code of Criminal Procedure, provides: "The husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other." We think the court erred in admitting this testimony. While it is not a confession or statement of appellant going to incriminate himself that the sheriff uses artifice or deception to secure it is admissible, yet where the sheriff uses what purports to be the declaration of the wife in order to obtain from appellant an incriminating statement, such declaration of the sheriff and answer of the appellant are inadmissible. We would not be understood as holding, however, that the State would be precluded from proving the bare fact that when asked by the sheriff whether or not he had cleaned the gun that morning, appellant answered no, since this, coupled with the previous confession to another witness, would tend to incriminate appellant, in that it would show a contradiction and a studied effort to conceal a fact supposed by appellant to be criminative. But it would not be admissible for the sheriff to state that appellant's wife had said that defendant had cleaned the gun that morning.

Because the court erred in admitting this testimony, as contained in the bill of exceptions above set out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*