G. A. LYNN v. THE STATE.

No. 12711. Delivered November 20, 1929.

The opinion states the case.

*Campbell & Murphy* of Livingston and *J. J. Collins* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—It was shown for the State that appellant married Miss Hazel Light in Red River County in the year 1923. Thereafter without being divorced from her, he married Miss Vivian Jones in Polk County in September, 1927. Appellant testified that after his marriage in Red River County to Miss Light he lived with her for a short time and they separated, she agreeing at the time to procure a divorce and he furnishing her the money for the expense of same. Further he testified that she had written him that she had procured the divorce, after which he married the second time. He also showed by other witnesses that he had been informed that she had procured a divorce prior to his second marriage.

Bills Nos. 3 and 4 present the following situation: While the appellant was testifying as a witness in his own behalf he was asked by State's counsel whether or not his first wife was in attendence upon court, to which he answered in the affirmative, after which he was asked, "You understand we can't use her as a witness or can't put her on the stand as a witness," to which he answered in the affirmative. He was then asked, "Are you going to put her on the stand as a witness and let us have the benefit of her testimony?" That thereafter during the progress of the trial the State called to the witness stand appellant's first wife three different times and attempted to use her as a witness against appellant, had her sit in the witness chair and forced appellant's counsel to object to her testimony and in the presence of the jury argue the law to the Court which prohibits a wife from giving testimony against her husband.

The only defensive issue in the case is whether or not appellant married under the mistaken belief that he had been divorced from his first wife. The Court charged the jury to acquit if they had

a reasonable doubt as to the existence of this fact. This charge had for its basis appellant's testimony, mentioned above. It was therefore highly important that the State should get before the jury a denial by the first wife of this testimony. The above conduct must have been intended to convey to the jury such a denial and that it may have had this effect is obvious. The State thus was permitted to do indirectly what it is inhibited by the statute from doing directly. Art. 714, C. C. P., has placed the seal of silence upon the lips of the wife of an accused. This article has been held applicable to bigamy cases. Boyd v. State, 26 S. W. 1080. The principle announced in the case of Moore v. State, 75 S. W. 497, finds application to the instant case, where conduct of the prosecuting attorney strikingly similar to that shown above was held reversible error. The effect of the case of Rosa v. State, 86 Tex. Crim. Rep. 646, is to hold that conduct of the prosecuting attorney which places before the jury prejudicial and inadmissible matter constitutes reversible error. With the policy of the law in silencing the wife of an accused as a witness against him, we have nothing to do. Our only duty is to construe it and enforce its observance. Plainly its terms may not be infringed and its protection rendered nugatory by any indirect means, which, as in this case, were apparently intended and clearly calculated to have that effect. It was enacted for observance by the agencies of the law, for there are none other who can violate it, and it is a matter of regret that this case must be reversed for an error of this character.

Improper arguments are shown in the record but we will presume that such matters will not again occur and forego their discussion.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.