RAY DAVIS V. STATE

No. 26,954. May 19, 1954

*Thomas, Thomas & Jones,* by *George T. Thomas,* Big Spring, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder, the punishment, 20 years.

A recitation of the facts will not be deemed necessary in view of our disposition of this cause other than to state that the homicide grew out of the fact that appellant's wife had left him and the deceased had furnished the money in order for her to do so. Appellant's wife did not testify. At the time of the trial of this cause there was pending a civil suit brought by the appellant against deceased's mother, alleging that she and deceased had conspired to alienate appellant's wife's affections. Appellant placed his reputation in issue. The state offered no evidence that his reputation was bad.

While being cross-examined by the state concerning his whereabouts after the homicide and while he was at liberty under bond, the appellant was asked, "And you got in jail too, didn't you?" The appellant replied, "I sure did"; he was then asked, "Had to pay a fine for choking an old man?" The jury was retired for the purpose of making the appellant's bill, and he established that the special prosecutor knew that the appellant

had been tried in the justice court of San Juan County, New Mexico, for assault and battery in two cases.

The court, in instructing the jury not to consider the questions and answer, told them not to consider the appellant having paid a fine for choking an old *lady.*

Appellant moved for a mistrial, which was overruled.

The asking of a question is not always reversible error, but where it is shown, as was done in this case, that the prosecutor knew that the question was improper the matter became a more serious one. Fifer v. State, 100 Texas Cr. Rep. 518, 272 S.W. 164. The conviction did not involve moral turpitude, and we know of no state in the Union which invests justice of the peace courts with felony jurisdiction. We think this reflects reversible error.

Bill of Exception No. 2 relates to proof concerning and conduct of the appellant's wife.

The bill recites that, after the jury had been selected but in the absence of the jury, all witnesses were called, and the appellant asked that his wife be sworn.

The state proved through the district clerk in the presence of the jury that appellant's wife had been subpoenaed and was sworn as a witness, and she was brought into the courtroom for the purpose of identification.

This was proper and did not violate the statute which prohibits a wife from testifying against her husband since she was not placed on the witness stand or asked any questions, but this is as far as the state should have gone. Jackson v. State, 136 Texas Cr. Rep. 574, 126 S.W. 2d 965.

In Davis v. State, 140 Texas Cr. Rep. 597, 146 S.W. 2d 994, we held that it was improper for the trial court to excuse the wife of the accused from the rule and permit her to sit at the counsel table with the district attorney and prompt him. We said that this was permitting the state to do indirectly what the statute prevented it from doing directly. We concluded that her active participation in the presentation of the state's case was tantamount to a denial by her of the truthfulness of the appellant's testimony.

In the case at bar the state proved that appellant's wife had gone to the home of a state's witness after midnight during the course of the trial; and, as a result of such visit, the witness had come to testify, which testimony was in impeachment of what the appellant had said while on the stand. When the appellant objected, state's counsel stated to the court: "We think that if the wife of this defendant comes and asks her to testify . . . ."

Appellant objected further to the remarks of the district attorney and asked that the jury be instructed not to consider the same. The court declined to give such instruction and overruled the appellant's motion for a mistrial.

The bill further recites that during the argument of the special prosecutor he said, "A week later she again leaves her husband and she reports in down at the police station with a swollen jaw," to which the appellant objected on the ground that he was outside the record. Whereupon, the appellant's wife, who was seated on the front bench in the courtroom, spoke out in a voice loud enough to be heard by the court and jury and stated, "I did."

Under the peculiar facts here before us, where the witnesses had been sworn in the absence of the jury, we think that it was improper for the state to prove that the appellant's wife was actively participating in securing witnesses to refute his testimony.

Upon another trial the questions concerning specific acts of misconduct by the appellant addressed to his reputation witnesses should be phrased, "Have you heard?" not "Did you know?" The latter form has been condemned by this court as asserting a fact as the basis for the question.

It is suggested that the court should fully apply the law to the facts in his charge on self-defense.

For the errors pointed out, the judgment is reversed and the cause remanded.