SANDY CALDWELL V. STATE

No. 28,065. February 22, 1956.

*Henry Tirey* and *Joe McNicholas,* by *Henry Tirey,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Lancaster Smith*

and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is statutory rape; the punishment, 65 years.

The prosecutrix testified that the appellant, her stepfather, had intercourse with her, from which she became pregnant and gave birth to a child.

The appellant denied that he was the author of the prosecutrix' downfall and offered his wife's sister, who had lived in the home with him and his family, who testified that she had never observed any improper conduct of the appellant toward the prosecutrix.

During the development of the case, Mattie Caldwell was referred to many times as the appellant's wife.

As their first witness on rebuttal, the state called Mattie Caldwell to the stand and thereby forced the appellant to object to her testimony on the grounds that she, being the wife of the appellant, was an incompetent witness. The logical deduction which the jury might draw from the tender of this witness was that she could have refuted her sister's testimony about the appellant's conduct toward his stepdaughter and would have done so if the appellant had not objected to her testifying.

In Lynn v. State, 113 Tex. Cr. Rep. 637, 21 S. W. 2d 1042, we held that Article 714, V.A.C.C.P., placed the seal of silence upon the lips of the wife of an accused and that if the state were permitted to call the appellant's wife to the stand, thus forcing him to object to her testimony, this would permit the state to prove indirectly what the statute prohibited them from doing directly. Judge Martin in tht Lynn case, supra, ably discussed the policy of the law in this respect, and such case is authority for the reversal of this conviction. See also Davis v. State, 160 Tex. Cr. Rep. 138, 268 S. W. 2d 152.

For the error pointed out, the judgment is reversed and the cause remanded.