## TOM SAMUEL SOVEY

No. 35,034. November 21, 1962

*Gabriel M. Nahas, Jr.*, Houston, and *Rex Emerson* (on appeal only), for appellant.

*Frank Briscoe*, District Attorney, *Jon N. Hughes* and *Erwin G. Ernst*, Assts. District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, life.

In view of our disposition of this case, a recitation of the facts is not deemed necessary other than to observe that the offense is alleged to have been committed on appellant's daughter when he was alone with her, and appellant did not call his wife as a witness. On cross-examination, the prosecutor exhibited a statement in writing to appellant and asked him if it bore his wife's signature; he replied in the affirmative and was then asked if she (his wife) had been sworn when she made the statement. He also asked appellant questions concerning their sex life and acts of sodomy with his wife, which of necessity could have been known only by appellant and his wife, and followed this with such improper questions as "You know we can't put her on the stand but you can," "You don't want this jury to hear what she has to say, do you?" and "You got to tell your side. Wouldn't you like for the jury to hear her side?" We need not pass upon the question of the timeliness of the objections to these questions because thereafter, without any provocation, the prosecution offered the wife's statement into evidence, which forced appellant to object thereto. The trial court declined to grant a mistrial to this highly improper conduct, and in this he fell into error.

A comparable case was before this Court in Cole v. State, 92 Texas Cr. Rep. 368, 243 S.W. 1100, wherein the prosecutor testi-

fied that he had been present at prior hearings relating to the case on trial and that the woman, who was appellant's wife at the time of the trial, had testified against the accused. It should be noted that the prosecutor did not go as far as the one in the case at bar and actually offer such *written testimony* in evidence, but Judge Hawkins, writing for the Court, said, even though the trial court sustained the objection to that part of the district attorney's statement that the wife had testified "against the accused", reversible error was reflected because his entire testimony was tantamount to telling the jury that her testimony would have been favorable to the State and injurious to appellant and that the State improperly sought advantage by commenting on her failure to testify at such trial. He concludes, "The effect was to indirectly make her a witness against her husband." See also Stiles v. State, 44 Texas Cr. Rep. 143, 68 S.W. 993; Bush v. State, 159 Texas Cr. Rep. 43, 261 S.W. 2d 158; Krzesinski v. State, 169 Texas Cr. Rep. 178, 333 S.W. 2d 149; and 44 Texas Juris., sec. 68, p. 1025.

For the error pointed out, the judgment is reversed and the cause remanded.