**Stephen ROACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41645.

Court of Criminal Appeals of Texas.

Jan. 15, 1968.

Rehearing Denied March 5, 1969.

Second Rehearing Denied May 21, 1969.

Irwin & Irwin by T. K. Irwin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John C. Vance, Curtis Glover, Jim Ramsey, Malcolm Dade, Kerry P. FitzGerald and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, life.

Grounds of error Nos. 1, 2 and 3 relate to references by counsel for the state, in cross-examination of appellant, to the wife appellant had married after the killing, but before the trial, the contentions being (1) That the court allowed the state to indirectly use the appellant's wife as a witness against him; (2) The court erred in failing to grant a mistrial when the state indirectly used appellant's wife as a witness against him; (3) The state erred in alluding to the failure of the appellant to call his wife as a witness.

Appellant's able counsel points out in his brief that the wife was not at the scene of the shooting, and that after the shooting appellant went from Dallas to Cleburne and stayed with the lady he thereafter married,

and told various relatives and friends about the events surrounding the shooting.

On cross-examination of appellant, counsel for the state said: "You understand I am not asking you about anything you told your wife * * *," and excluded the wife in propounding his question: "Did you tell anybody what happened out there on the freeway (where the killing occurred)?" There was no objection.

Appellant did object, ask for instruction to the jury to disregard and move for mistrial because of the acts and questions of counsel for the state pertaining to "the typewritten exhibit 12," the questions, answers and objections being:

"Q. (By Mr. Vance) Stephen, I am going to hand you what has been marked as State's Exhibit No. 12, and ask you to look at it and tell me if you see a name written underneath that typewritten portion there.

"A. Yes, sir, I do.

"Q. Do you recognize the handwriting of that name?

"A. Yes sir.

"Q. Whose handwriting is it?

"A. It is my wife's handwriting.
    "MR. IRWIN: If the Court please, at this time we are very strenuously objecting to counsel attempting to indirectly get before the jury an instrument that has been exhibited to the witness that is signed by his wife."

The instrument referred to as State's Exhibit 12 is not before us and the record does not show that it was exhibited to or its contents made known to the jury.

In Cole v. State, 92 Tex.Cr.R. 368, 243 S.W. 1100, cited and relied upon by appellant, the wife Cole had married after the offense was committed was not shown to be at the place of the killing. The District Attorney testified and repeated in his argument to the jury that Cole's wife had

been used by the state as a witness against him at the examining trial and habeas corpus hearing, and that he had her testimony.

Upon these facts this court concluded that the state went further than the law permits, and indirectly made appellant's wife a witness against him.

The facts are similar to those of the case at bar only in that the wife the defendant married after the offense was committed but before trial was not at the scene of the murder. Absent in the case at bar is any evidence that the testimony appellant's wife could have given would have been beneficial to the state or harmful to appellant.

In Sovey v. State, 172 Tex.Cr.R. 638, 362 S.W.2d 121, counsel for the state went further and offered the statement in evidence which he had produced and had the defendant identify as bearing the signature of his wife, forcing the defense to object.

█ We do not construe the record as showing any intention on the part of counsel for the state to indirectly make appellant's wife a witness against him.

Ground of error No. 4 complains that the court erred in failing to respond to appellant's objection to the form of the court's charge, the contention being that the first ten paragraphs were numbered while the remaining fifteen were not.

This ground of error is conceded to be "exceedingly weak."

Ground of error No. 5 complains that the court erred in allowing counsel for the state to advise the jury that special charges were requested by the appellant and were incorporated in the charge which was read to the jury.

Appellant directs attention to Art. 36.15 Vernon's Ann.C.C.P. which provides in part "any special requested charge which is granted shall be incorporated in the main charge and shall be treated as a part thereof, and the jury shall not be advised that it is a special requested charge of either

party. The judge shall read to the jury only such special charges as he gives."

The provision of Art. 36.15 quoted refers to advice from the court in connection with the charge.

 We do not regard a reference by counsel for the state, in his jury argument, to the fact that the charge included special charges requested by the defense as a violation of a mandatory statute.

 Considered as an objection to the charge, if error is shown, it does not appear from the record that it was calculated to injure the rights of appellant nor did such error, if any, deprive appellant of a fair and impartial trial, and is not ground for reversal. Art. 36.19 V.A.C.C.P.

 The remaining ground of error complains that the court erred in failing to grant appellant a mistrial when the state's attorney advised the jury that special charges were requested by appellant and were incorporated in the charge which was read to the jury.

In the absence of any showing of prejudice, no reversible error is shown in the remarks of counsel for the state.

The judgment is affirmed.

DOUGLAS, J., not participating.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

MORRISON, Judge.

Appellant has urged that our original opinion is contrary to our prior holdings in Caldwell v. State, 162 Tex.Cr.R. 486, 287 S.W.2d 176 and Hignett v. State, 168 Tex. Cr.R. 380, 328 S.W.2d 300. While the question is, to the writer, a close one, we do find that these cases can be distinguished. In Caldwell, supra, the accused's wife was actually called into the courtroom and

placed on the stand thereby requiring the accused to object to any testimony she might give. In Hignett, supra, the wife was also called as a witness and "later in the trial, the State propounded further questions to other witnesses as to what the appellant's wife had told them concerning the assault and again forced the appellant to object."

Remaining convinced that we properly *disposed of this case originally, appellant's* motion for rehearing is overruled.

DOUGLAS, J., not participating.