Archie Gregory **CLAYTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43547.

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 5, 1971.

Murray Howze, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempted burglary; the punishment; two (2) years.

The appellant's first ground of error is the refusal of the trial court to grant a mistrial after the District Attorney attempted to have appellant's wife sworn as a witness for the State. The matter occurred as follows. In the jury's presence and after the Rule had been invoked, the District Attorney noticed appellant's wife seated in the courtroom and said to her, "Are you the wife of Mr. Clayton?" She replied that she was and the prosecutor then stated, "I'd like to have her sworn as a witness, Judge. The State may use her." The jury was retired at this juncture and the motion for mistrial was considered.

During the absence of the jury, the prosecutor told the judge that his purpose had been to see that appellant's wife did not sit in the courtroom throughout the trial. The court responded as follows: "I realize what the State's purpose was; on the other hand, if there are cases that hold that the mere designation of the wife and attempted designation of the wife as a witness for the State is reversible error—." Also, during this period the court read cases and heard argument from counsel

and finally concluded that the motion for mistrial should be overruled.

In support of his contention, appellant relies upon Davis v. State, 160 Tex.Cr.R. 138, 268 S.W.2d 152, Caldwell v. State, 162 Tex.Cr.R. 486, 287 S.W.2d 176, and Wall v. State, Tex.Cr.App., 417 S.W.2d 59. In Davis, supra, this Court held that it was reversible error for the State to prove that appellant's wife had gone out during the trial and procured certain witnesses to come in and testify against him. In Caldwell, supra, appellant's wife was called to the stand by the State, which forced appellant to object. We held that the logical deduction which the jury might draw from this tender was that the accused's wife could have refuted the accused's sister's testimony about his conduct towards his stepdaughter. The prejudice to the appellant in Wall, supra, was much more apparent than it is in the case at bar. Wall first brought a motion to suppress the wife's testimony, which the trial court overruled. When the State swore her in, at the time the Rule was invoked, and when called as a witness, Wall's wife told the Court that she would not testify against her husband. Finally, the Court and State's attorney compelled her to take the witness stand, forcing her to claim her privilege and appellant to object to her testimony in response to questions by the State.

In the case at bar, the wife was not called to testify or offered as a witness by the State during the entire trial. While the action of the prosecutor was clearly improper, we have concluded that it does not call for reversal.

■ Appellant next complains of the court's failure to grant his requested charge on the law of circumstantial evidence. In the case at bar, an officer, while on patrol, had checked the door of the burglarized tavern earlier in the evening and found it intact. At approximately 4:00 a. m., he saw an automobile parked near the tavern. He then drove near the rear door, where he apprehended the appellant at the

door with a tire tool in his hand. A picture of the door facing showed definite pry marks which matched the tire tool. A charge on circumstantial evidence was not required, as the main facts were proven by direct evidence.

■ His last contention is that the evidence is insufficient to support the conviction. Appellant was apprehended at the scene, wearing gloves, with a tire tool in his possession, and that tire tool was shown to be similar to the instrument used in an attempt to pry open the door. Such is sufficient to establish the State's case. Taylor v. State, Tex.Cr.App., 233 S.W.2d 306, and Smith v. State, Tex.Cr.App., 460 S.W.2d 927.

Finding no reversible error, the judgment is affirmed.