**Wallace Martin JOHNIGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45044.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 28, 1972.

Saunders, Caldwell & Schmidt by J. Byron Saunders, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tom T. Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of assault with intent to murder without malice upon Robert Louis McCloud. Trial was held before a jury, which assessed punishment at confinement for three years.

In his second ground of error, appellant contends that the court erred in allowing the prosecutor to call appellant's wife as a witness at the punishment stage of the trial.

The record reflects that at the hearing on punishment the appellant testified that he did not live at home with his wife and children but that he did support them. The prosecutor then asked for "a moment" and after consulting appellant's wife, Shirley, who had been identified earlier, said: "The State would call Shirley Johnigan." Counsel for both sides then approached the bench and thereafter appellant's wife was not mentioned again. She did not testify and she did not take the stand.

Appellant's wife did not actually testify against him, but appellant contends that the prosecutor's action of conferring with her and then calling her as a witness had the effect of conveying to the jury the impression that she would rebut her husband's testimony if she were allowed to testify.

It is elementary that a wife may not testify against her husband. Art. 38.11, Vernon's Ann.C.C.P., provides in part:

"The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution."

The State contends that the action of the prosecutor in calling appellant's wife, if error, was not reversible error because no objection was made at the time and because she did not actually testify against appellant. We disagree.

The disqualification of a spouse as an adverse witness cannot be waived. Rogers v. State, 368 S.W.2d 772 (Tex.Cr. App.1963); Krzesinski v. State, 169 Tex. Cr.R. 178, 333 S.W.2d 149 (1960); Johnson v. State, 95 Tex.Cr.R. 483, 255 S.W. 416 (1923); Eads v. State, 74 Tex.Cr.R. 628, 170 S.W. 145 (1914); Johnson v. State, 66 Tex.Cr.R. 586, 148 S.W. 328 (1912); Brock v. State, 44 Tex.Cr.R. 335, 71 S.W. 20 (1902).

Further, this Court has held that the State commits reversible error by calling the defendant's wife, thereby forcing him to object in the presence of the jury,

when such action is done in such a manner as to convey to the jury the impression that the wife, if allowed to testify, would rebut defensive testimony previously given in the case. Wall v. State, 417 S.W.2d 59 (Tex.Cr.App.1967); Hignett v. State, 168 Tex.Cr.R. 380, 328 S.W.2d 300 (1959); Caldwell v. State, 162 Tex.Cr.R. 486, 287 S.W.2d 176 (1956); Lynn v. State, 113 Tex.Cr.R. 637, 21 S.W.2d 1042 (1929); Moore v. State, 45 Tex.Cr.R. 234, 75 S.W. 497 (1903).[1] Therefore, appellant's failure to object cannot constitute a waiver.

 The State attempts to distinguish the circumstances of the instant case from these holdings on the ground that appellant was not forced to object in the presence of the jury. We do not feel that this is a realistic distinction. Immediately after the prosecutor conferred with appellant's wife and called her, a conference occurred at the bench, out of the hearing of the jury. Thereafter, appellant's wife did not take the stand. It seems fairly certain that the impression was conveyed to the jury, by the combined effect of the conference with the wife and the subsequent calling, which was not followed by testimony, that the wife's testimony would have been adverse to appellant's testimony which had been heard immediately before.

This Court has held that it is reversible error for the State to show that the defendant's wife is assisting in the prosecution of the case, even though she has not testified. Davis v. State, 160 Tex.Cr.R. 138, 268 S.W.2d 152 (1954); Davis v. State, 140 Tex.Cr.R. 597, 146 S.W.2d 994 (1940). Therefore, we are of the opinion that the fact that appellant was not forced to object in the presence of the jury does not render the error harmless, for it is doubtful that the jury, especially in light of the conference with the wife, received any impression other than that the wife's

testimony would have been harmful to appellant and that she was assisting in the prosecution. Therefore, we feel that the State's action constitutes reversible error. In light of our disposition of this ground of error, we need not consider appellant's remaining ground of error.

For the reason stated, the judgment is reversed and the cause remanded.

case, while error, was not reversible error, because the effect of the State's action was not to convey the impression of rebuttal to the jury since no testimony had been taken at that point in the case.

---

1. In Clayton v. State, 465 S.W.2d 769 (Tex.Cr.App.1971), it was held that the action of the State in asking that the defendant's wife be sworn, aparently before testimony had been taken in the