

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 17, 1974

The Honorable Hank Anderson
County Attorney
County Courthouse
Wichita Falls, Texas 76301

Opinion No. H- 478

Re: Confidentiality of a
counselor's report made
pursuant to section 3.54
of the Family Code.

Dear Mr. Anderson:

The facts behind your request for our opinion are that during pendency of a divorce suit, the Judge ordered counseling pursuant to section 3.54 of the Family Code, which provides, in part:

> (a) On the filing of a petition for divorce, the clerk shall furnish an availability of counseling notice to the attorney filing the petition. Except in a suit in which the respondent is cited by publication, the attorney shall forward the notice to both parties to the suit and shall certify to the court that he has complied with the provisions of this subsection.
>
> . . .
>
> (c) After a petition for divorce is filed, the court may, in its discretion, direct the parties to counsel with a person or persons named by the court, who shall submit a written report to the court before the hearing on the petition.
>
> (d) In his report, the counselor shall give only his opinion as to whether there exists a reasonable expectation of reconciliation of the parties, and if so, whether

> further counseling would be beneficial.   The sole
> purpose of the report is to aid the court in determin-
> ing whether the suit for divorce should be continued
> pending further counseling, and the report shall not
> be admitted as evidence in the suit.   Copies of the
> report shall be furnished to the parties.
>
>         . . . .
>
> (f) No person who has counseled parties to a suit
> for divorce under this section is competent to testify
> in any action involving the parties or their children.
> The files, records, and other work-products of the
> counselor are privileged and confidential for all
> purposes and may not be admitted as evidence in any
> action involving the parties or their children.
> (Emphasis added).

Apparently the counselor has included in his report admissions made to him of violations of the immigration laws and the Department of Immigration now seeks access to the report to use in proceedings against one of the parties to the marriage.   You ask whether the informa-tion should be released to the federal agency.

We are unaware of any other law that would authorize divulging the counselor's reports to the immigration service.   We recognize and enforce the attorney-client privilege [Code Crim. Proc., art. 38.10; Cochran v. Cochran, 333 S. W. 2d 635 (Tex. Civ. App. --Houston 1960, writ ref'd n. r. e.)]; the husband-wife privilege [Code Crim. Proc. art. 38.11; Johnigan v. State, 482 S. W. 2d 209 (Tex. Crim. App. 1972)]; and the clergyman-penitent privilege [V. T. C. S., art. 3715a].

It is our opinion that this privilege accorded the counselor's report, made under section 3.54 of the Family Code, is entitled to the same legal protection and that, therefore, it cannot be made available to the Depart-ment of Immigration, absent an effective waiver of its confidential status.

## SUMMARY

A report of a counselor made pursuant to section 3.54 of the Family Code is privileged and confidential and, absent effective waiver, should not be made available on the request of a federal agency.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg