Gary COLLVINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–84–098–CR.

Court of Appeals of Texas,
Texarkana.

Jan. 15, 1985.

Jim Hooper, Friedman & Hooper, Texarkana, for appellant.

John F. Miller, Jr., Asst. Criminal Dist. Atty., Texarkana, for appellee.

CORNELIUS, Chief Justice.

Gary Collvins was convicted of murder and assessed punishment of ten years imprisonment. On appeal he raises insufficiency of the evidence grounds and contends that the trial court committed reversible error in admitting into evidence his wife's affidavit stating she did not wish to testify. We overrule the contentions and affirm the judgment.

On January 21, 1983, Collvins shot and killed his twenty-three year old son, David. The shooting occurred when David was preparing to leave the house to attend his marriage ceremony. Collvins maintained that the shooting was an accident. Shortly after the shooting police officers recorded a question and answer statement by Collvins. The statement indicates that Collvins refused to go to his son's wedding, and that he had been disturbed by his son's actions in having illegitimate children, and failing to support them. Collvins admitted he shot his son, but denied that he acted intentionally or knowingly, and said he did not know how the shooting occurred.

The following questions and answers ended the statement:

Officer Money: Let me ask you one other important thing—do you think your wife will tell the same thing?

Officer Cannon: She will tell you the truth.

Collvins: Jean will tell you the truth. My wife don't lie.

Officer Money: Well, I'm neutral in this thing and I don't know anybody. I just want to know if you think she will tell it the same way.

Collvins: Well, I don't know if she will tell it the same way, but she will tell you the truth and I don't want her bothered now. You go ahead and take me and book me in jail. She has been through enough. I hope to God my boy lives and if it comes to it, whatever I have to do, I'll do it. Now I haven't lied to you all about it at all.

Before trial, the defense moved to suppress the testimony of Mrs. Collvins pursuant to Article 38.11, Tex.Code Crim.Proc.Ann. (Vernon 1979). The motion stated:

Defendant would show that under Article 38.11 of the Texas Code of Criminal Procedures that the said Jean Collvins is not a competent witness to testify against him and if allowed to be called by the State, it would highly prejudice the jury against him.

Attached to the motion was an affidavit signed by Jean Collvins. The affidavit stated:

COMES NOW Jean Collvins, the wife of the accused Defendant, Gary Collvins, and after being duly sworn and under oath states and alleges:

I am the wife of the Defendant, Gary Collvins, and that the deceased in this cause, David Collvins, was my son, and at the time of his demise he was 23 years of age.

I further state that I do not wish to testify in this case and respectfully request the Court not to allow the State of Texas to call me as a witness.

SIGNED this 13th day of October, 1983.

Jean Collvins

At trial, the State read portions of the Collvins statement but omitted the concluding portion which discussed Mrs. Collvins. The defense then read the statement to the jury, including the last questions and answers about Mrs. Collvins. After the defense rested its case the State, in rebuttal, offered the motion to suppress and Mrs. Collvins' affidavit, and the court admitted them in evidence. Collvins objected on the basis of Article 38.11.

Collvins insists that he is entitled to a new trial because the court admitted Mrs. Collvins' affidavit in evidence.

Tex.Code Crim.Proc.Ann. art. 38.11 provides as follows:

Neither husband nor wife shall, in any case, testify as to communications made by one to the other while married. Neither husband nor wife shall, in any case, after the marriage relation ceases, be made witnesses as to any communication made while the marriage relation existed except in a case where one or the other is on trial for an offense and a declaration or communication made by the wife to the husband or by the husband to the wife goes to extenuate or justify the offense. The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child.

Mrs. Collvins did not testify against her husband, so the literal prohibition of the statute was not violated. Collvins argues, however, that under various decisions of the Court of Criminal Appeals[1], the effect of the affidavit's introduction was to make Mrs. Collvins a witness against her husband.

■ In the decisions cited by Collvins the convictions were reversed because the court concluded that the State's actions were calculated to cause the jury to take the wife's refusal to testify as a circum-stance of guilt against her husband. The record in this case will not support such a conclusion. There is nothing to indicate the State was trying to use Mrs. Collvins' affidavit as a circumstance of guilt; only that it was attempting to rebut the defense's implication that it had something to hide in not producing her testimony. *See Roach v. State*, 440 S.W.2d 72 (Tex.Cr.App. 1969). Indeed, it strains credulity to suggest that the jury was led to believe that Mrs. Collvins' testimony would be unfavorable to the defense when the record reveals that defense counsel, when the affidavit was introduced, offered in the jury's presence to allow her to testify and tendered her to the State for that purpose. *See Stewart v. State*, 587 S.W.2d 148 (Tex.Cr. App.1979).

■ It has long been the rule in this State that when the defendant's wife is a fact witness to the crime the State may inform the jury, either by testimony or by jury argument, that the defense can call the wife but the State cannot, and the prosecutor may make the inference that because the defense has not called her, the wife's testimony would have been damaging to the defense. *See Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980); *Fisher v. State*, 511 S.W.2d 506 (Tex.Cr.App.1974); *Davis v. State*, 160 Tex.Cr.R. 138, 268 S.W.2d 152 (1954); *Burnam v. State*, 61 Tex.Cr.R. 616, 135 S.W. 1175 (1911); *Coffey v. State*, 60 Tex.Cr.R. 73, 131 S.W. 216 (1910). At the most, what the State did here was to inform the jury that Mrs. Collvins chose not to testify, and it did that by using means less damaging to the defense than if it had done so by directly commenting upon the defense's failure to call her and drawing adverse inferences, as it legitimately could have done. *See Stewart v. State*, supra; *Roach v. State*, supra. Reversal of the judgment for such an incident, where the trial has been fair and otherwise free of error, would require a

**1.** *Johnigan v. State,* 482 S.W.2d 209 (Tex.Cr.App. 1972); *Wall v. State,* 417 S.W.2d 59 (Tex.Cr.App. 1967); *Sovey v. State,* 362 S.W.2d 121 (Tex.Cr. App.1962); *Davis v. State,* 140 Tex.Cr.R. 597, 146 S.W.2d 994 (1940).

**650**

hyper-technical construction of Article 38.-11 and would make a travesty of the law.

■ In addition, since neither the affidavit nor the motion was read to the jury, and defense counsel indicated to the jury that he was willing for Mrs. Collvins to testify, any error in the admission of the documents was harmless beyond a reasonable doubt. *See Stewart v. State,* supra; *Clayton v. State,* 465 S.W.2d 769 (Tex.Cr.App. 1971); *Jackson v. State,* 136 Tex.Cr.R. 574, 126 S.W.2d 965 (1939).

■ Collvins also asserts that the evidence is insufficient because his confession was uncorroborated. A defendant's confession must be corroborated by evidence that a crime has been committed. *Adrian v. State,* 587 S.W.2d 733 (Tex.Cr.App.1979). In murder cases, there must be evidence of the body of the victim, and evidence that the victim died as the result of a criminal act of another. *Self v. State,* 513 S.W.2d 832 (Tex.Cr.App.1974).

■ Here, the body of the victim was discovered and identified. An autopsy report revealed that he died from a bullet wound to the head, and evidence showed that the bullet was fired from the gun owned by the appellant which was recovered by police officers at the scene. The confession was sufficiently corroborated. *Self v. State,* supra.

■ Collvins argues there was no evidence that he killed his son intentionally or knowingly. Since a gun was used in the killing, the State benefited from the presumption that Collvins acted with the required intent. *Fentis v. State,* 528 S.W.2d 590ª (Tex.Cr.App.1975). Where the gun itself is the only circumstance supporting specific intent, and where all other circumstances indicate that the discharge of the gun occurred as the result of a nonvolitional act, the presumption is rebutted and a conviction resting solely on the presumption cannot stand. *Foster v. State,* 639 S.W.2d 691 (Tex.Cr.App.1982). In this case, however, a fact issue as to Collvins' intent existed independent of the presumption. Collvins' statement indicates that he

was displeased with his son because of his lack of support of his children. The circumstances of the shooting raise an inference that Collvins' displeasure with his son was heightened on his son's wedding day, and that the shooting occurred in the course of heated argument. There was sufficient evidence supporting the required intent.

The judgment of the trial court is affirmed.