Leon PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–84–247–CR.

Court of Appeals of Texas, Austin.

Oct. 23, 1985.

Stephen B. Edwards, Austin, for appellant.

Ronald Earle, Dist. Atty., LaRu Woody, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

Leon Perkins seeks to set aside a judgment of conviction for the murder of Stanley Walker rendered by the district court of Travis County pursuant to a plea of guilty. The district court assessed punishment of

confinement for thirty years. This Court will affirm the judgment of conviction.

Perkins' appeal is predicated upon the order of the district court denying his motion to suppress evidence gathered by virtue of his arrest on November 9, 1983. Perkins claimed by the motion that until the police acquired information from Perkins' wife, Minnie, that her husband told her on November 4, 1983, that "he had killed two people tonight," the police did not have probable cause to arrest him.

Perkins assails the judgment of conviction claiming the district court erred in failing to suppress all of the evidence upon which he was convicted because such evidence was obtained by an illegal arrest by virtue of a violation of Tex.Code Cr.P.Ann. art. 38.11 (1979).

Article 38.11 provides, among other things, that:

> [n]either husband or wife shall, in any case, *testify* as to any communications made by one to the other while married ... The husband and wife may, in all criminal actions, be witnesses for each other, but ... they shall in no case testify against each other in a criminal prosecution ... (Emphasis supplied).

On November 4, 1983, when Perkins told Minnie Perkins that he had killed two people that night, he and Minnie were husband and wife. Minnie Perkins related her husband's communication to her brother who, in turn, told Floyd Chambers. Chambers reported what Minnie had said to the Austin Police Department. The police took Chambers' statement. Without benefit of the contents of Chambers' statement, the police would not have considered Perkins a suspect in the case. After Perkins was arrested for attempted murder of John Rodriguez, Perkins told the police that he had shot Stanley Walker and where the murder weapon was located. The weapon was seized pursuant to a search warrant.

Perkins argues that use of his communication to his wife as basis for focusing an investigation on him when previously he had not been a suspect, and use of that communication as basis for probable cause for the warrant for his arrest violated art. 38.11. Perkins relies upon several opinions of the Court of Criminal Appeals, collected in the margin,[1] which he claims mandate the reversal of the judgment of conviction.

The prosecution defends the judgment of conviction upon the authority of a recent opinion of the Court of Criminal Appeals, *Jernigan v. State*, 661 S.W.2d 936 (Tex.Cr. App.1983). In *Jernigan*, the defendant contended that his arrest and his subsequent confession, which was admitted into evidence, were tainted by the unlawful procurement of a warrant. The heart of his contention was that because defendant's wife was the named informant relied upon by the affiant in obtaining a warrant, and because a wife cannot testify against her husband, the affidavit was insufficient to support the issuance of the warrant.

The defendant claimed in *Jernigan*, as here, that art. 38.11, by its terms, prohibits the use of information supplied by a person to obtain an arrest warrant naming that person's spouse.

The Court in *Jernigan* rejected the defendant's claim, holding that:

> [t]he language of art. 38.11 speaks to testimony *in a criminal proceeding.* Here there was no testimony; indeed there was no criminal proceeding until after the warrant was procured. Nothing in art. 38.11 prohibits the use of information supplied by a person other than as evidence in a criminal proceeding. A spouse as informant does not violate art. 38.11's strictures. (Emphasis supplied).

---

1. *Johnigan v. State*, 482 S.W.2d 209 (Tex.Cr.App. 1972); *Sovey v. State*, 172 Tex.Cr.R. 638, 362 S.W.2d 121 (App.1962); *Davis v. State*, 140 Tex. Cr.R. 597, 146 S.W.2d 994 (App.1940); *Stafford v. State*, 125 Tex.Cr.R. 174, 67 S.W.2d 285 (App. 1934); *Baird v. State*, 111 Tex.Cr.R. 640, 13 S.W.2d 832 (App.1929); *Norwood v. State*, 80 Tex.Cr.R. 552, 192 S.W. 248 (App.1917); *Johnson v. State*, 66 Tex.Cr.R. 586, 148 S.W. 328 (App.1912); *Pace v. State*, 61 Tex.Cr.R. 436, 135 S.W. 379 (App.1911); *Gross v. State*, 61 Tex. Cr.R. 176, 135 S.W. 373 (App.1911); and *Stiles v. State*, 44 Tex.Cr.R. 143, 68 S.W. 993 (App.1902).

*Jernigan* was determined by the Court *en banc* in 1983 and the opinion of the Court was unanimous. It is plain that *Jernigan* is on point and controls the disposition of this appeal. Counsel for Perkins suggests that *Jernigan* was wrongly decided and invites this Court to "overrule" the holding in that opinion. This Court as an intermediate appellate court is, of course, without authority to "overrule" a holding of the Court of Criminal Appeals.

The judgment of conviction is affirmed.